Michael S. Traylor  (SBN 136814)
Traylor Law Office, PC
8601 Lincoln Blvd. 180
Suite 525
Los Angeles, CA. 90045
(310) 401-6610 ph
(661) 480-1200 fax
Attorney for Plaintiff Lethia Davis

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DISTRICT

| | |
|---|---|
| LETHIA DAVIS, INDIVIDUALLY AND D/B/A BEAUTIFUL MINDS ENTREPRENEURSHIP PROGRAM and BEAUTIFUL MINDS ENTREPRENEURSHIP, INC. | Case No. |
| **Plaintiff** | **COMPLAINT FOR MONEY DAMAGES AND EQUITABLE RELIEF** |
| vs. | |
| UNITED STATES' SMALL BUSINESS ADMINISTRATION, MICHAEL DANIEL, ORANGE COUNTY INLAND EMPIRE SMALL BUSINESS DEVELOPMENT CENTER NETWORK, AMERICA'S SBDC, AMERICA'S SMALL BUSINESS DEVELOPMENT CENTER NETWORK, CHRISTOPHER LORENZANA AND AL GOHARY | 1. Copyright Infringement  (Copying) 2. Copyright Infringement (Similarity) 3. California Trade Secret Claim 4. Breach of Implied Contract 5. California CLRA Claim 6. California Unfair Competition |
| **Defendants.** | |

Plaintiff LETHIA DAVIS, an individual (and doing business as Beautiful Minds Entrepreneurship Program) and as the President of Beautiful Minds Entrepreneurship, Inc (a California Corporation), along with her heirs, successors and common interest holders ("Plaintiff") are informed and believe (and on the basis of that information and belief) complain and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff LETHIA DAVIS is (and was at all relevant times):

    a) a citizen of the United States;

    b) a resident and business operator within this judicial district and within the State of California, United States of America;

    c) the primary shareholder and chief executive officer of Plaintiff Beautiful Minds Entrepreneurship, Inc., a California Corporation;

    d) the sole creator, author, writer and the sole and exclusive owner of original, copyrighted materials referenced herein (Reg# TXu002201977) and

    e) the sole creator, author, writer and the sole and exclusive owner of original "trade secrets" which are protected by the California Uniform Trade Secrets Act.

2. The named Defendants consist of:

a)  United States Small Business Association ("SBA") is an agency of the United States government which provides support, funding and services to various small businesses and owns and/or operates a series of Small Business Development Centers across the United States.

b)  Michael Daniel (in his capacity as the SBDC Regional Director of the Orange County/Inland Empire Network of the SBA located at 800 N. State College Blvd., SGMH 53, Fullerton, CA, 92831 ("Director Daniel").

c)  Orange County Inland Empire SBDC Network ("OCIE SBA") is a chapter of the SBA located at 800 N. State College Blvd., SGMH 53, Fullerton, CA, 92831.

d)  America's SBDC and (also known as) America's Small Business Development Center Network is/are the association(s) that represent(s) America's nationwide network of Small Business Development Centers (SBDCs).

e)  Al Gohary and Christopher Lorenzana are each individuals who were contracted and/or employed by the foregoing co-Defendants and at all relevant times each was an authorized agent of said co-Defendants.  Messrs. Gohary and Lorenzana operated under the direction and authority of their co-Defendants and for the benefit of said co-Defendants.

Plaintiff, upon information and belief, alleges that there are other potential defendants (the "Ancillary Defendants") who are agents, subsidiaries, parent companies, partners, and/or joint-venturers with the named Defendants above and who are equally responsible for the conduct alleged herein. All of the above-referenced defendants (jointly "Defendants") entered into a joint venture and unity of interest for purposes of exploiting Plaintiff's property and exclusive copyrights for financial gain and intended to infringe upon the copyrights of Plaintiff. The true capacities, whether individual, corporate, associate or otherwise, of the unnamed Ancillary Defendants are currently unknown to and Plaintiff; however, when their true names and capacities are ascertained, Plaintiff will seek leave of the Court to amend the Complaint by asserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner from the occurrences alleged in this Complaint, and that Plaintiff's damages as alleged in this Complaint were proximately caused by such fictitious defendants.

3. This Court has subject matter jurisdiction over this matter as the United States Government is a defendant and the primary subject matter of the case involves claims for infringement of copyrights (federal question). Plaintiff contends that the California State claims are subject to the jurisdiction of this Court under its pendant jurisdiction. Venue is proper in this judicial district under 28 U.C.S §1391(b)(2)

because a substantial part of the events giving rise to the claims asserted herein occurred in this District.  Venue is also proper under 28 U.S.C. § 1391(b)(1) because Defendants are subject to personal jurisdiction in this District and conduct a substantial amount of business in this District, where the harm also occurred.

## FACTS COMMON TO ALL CAUSES OF ACTION

4.  Plaintiff developed a unique and creative series of informational, instruction, motivational and educational materials, techniques, methods, protocols, approaches and processes, etc. which were designed to assist aspiring and actual entrepreneurs in successfully launching, operating and growing small businesses (the "Materials").  The Materials were independently and solely devised, developed and created by Plaintiff based upon Plaintiff's expertise, experiences, education and thoughtful ingenuity. Plaintiff has registered the Materials for copyright protection with the United States Copyright Office (registration number pending). In addition, Plaintiff created a series of accompanying information, patterns, methods, techniques and processes to aid in the marketing, promotion, delivery, exhibition and execution of the Materials. These items (the "Trade Secrets") were separate and distinct from the Materials and were utilized by Plaintiff to make the Materials more desirable and valuable.

5.  Over several years, Plaintiff developed the Materials and the Trade Secrets into a comprehensive program and endeavored to create a commercial marketplace for the program from which Plaintiff could derive goodwill and revenue. Plaintiff anticipated significant growth in the small business sector and determined and crafted the program to uniquely address the needs of this growing market. Plaintiff anticipated revenues in excess of One Million Dollars ($1,000,000.00) from the market value of the program, Materials and Trade Secrets with substantial year-over-year growth. In addition, Plaintiff developed, planned and anticipated numerous other materials, books, seminars and proprietary (and copyrightable) works which would be derived from the Materials and the Trade Secrets. All of the foregoing (the "Business Purpose") was part of an overall business plan which Plaintiff began to pursue.

6.  In 2018, Plaintiff was referred to Defendants Christopher Lorenzana and Al Gohary, each of who was an agent for and contractor with the co-Defendants (and each of them). Defendants Gohary and Lorenzana engaged in a variety of business development activities on behalf of their co-Defendants (and each of them) and entered into and/or facilitated contracts between their co-Defendants and third parties. Plaintiff informed Defendants Gohary and Lorenzana that Plaintiff had developed the Materials, the Trade Secrets and a supporting business plan. Defendants Gohary and Lorenzana scheduled a meeting with Plaintiff for the sole purpose of potentially entering into a contract between Plaintiff and their co-Defendants pursuant to which

Plaintiff would be retained to operate workshops and seminars using the Materials and the Trade Secrets (as defined herein) and make the Materials available for purchase to the general public. In furtherance of Plaintiff's motive to enter into such a contract and facilitate the sales of the Materials; Defendants Gohary and Lorenzana requested that Plaintiff provide them (on behalf of the Defendants) with the Materials and the Trade Secrets.  It was understood and agreed by all that the Materials and the Trade Secrets were being solicited by the Defendants for the purposes set forth herein and would only be used, shared, distributed, sold and/or otherwise exploited by Plaintiff.

7.   In reasonable reliance upon the foregoing, Plaintiff emailed the Materials and shared the Trade Secrets with the Defendants.  The Defendants reviewed the Materials and the Trade Secrets and determined that both the Materials and the Trade Secrets were valuable assets which would be beneficial to the ongoing operations of the Defendants' various businesses and endeavors.   However, the Defendants also determined that it was more beneficial to the Defendants to re-brand and claim ownership of the Materials, while eliminating a public marketplace for such Materials and Trade Secrets from which Plaintiff could benefit.  Accordingly, the Defendants converted the Materials and the Trade Secrets and began to claim that the Defendants owned and had developed the Materials and the Trade Secrets.  At all times, the Defendants (and each of them) knew that such actions were infringing, fraudulent,

contrary to the understanding of the parties and in violation of Plaintiff's rights. The Defendants weighed the risks and benefits of proceeding in violation of Plaintiff's rights and elected to proceed unlawfully and illegally with the expectation that Plaintiff would not seek redress for the Defendants' wrongdoing.  The Defendants were mistaken.

8.  Plaintiff provided a copy of the Materials to the Defendants (and each of them, either directly and/or indirectly) solely for the Business Purpose and to facilitate the potential of entering into a series of agreements with the Defendants to provide services to the Defendants for compensation.  At the time the Materials and the Trade Secrets were presented to the Defendants, the Defendants were aware of the facts that the Materials and the Trade Secrets were exclusively owned by Plaintiff and that the only purpose of Plaintiff making such Materials and Trade Secrets available to Defendants was in furtherance of the Business Purpose and as an initial step to Plaintiff's overall business plans.  The Defendants were expressly aware of and acknowledged that Plaintiff had no desire nor intent to otherwise permit Defendants to use and/or reference the Materials and/or the Trade Secrets.

9.  The Materials were unlawfully taken, converted, used, sold and distributed by the Defendants (and each of them) without Plaintiff's permission, license and/or any consideration of any kind.  The Defendants provided no credit nor compensation to Plaintiff and re-branded, re-named and misrepresented that the Materials were

owned, created and/or the property of the Defendants.  As a result, not only did the Defendants fail and refuse to enter into agreement(s) with Plaintiff and generate income and goodwill from the unauthorized use of the Materials; but the Defendants eliminated any market for the Materials by posting (online) and widely distributing the Materials in such a broad manner that Plaintiff is unable to operate the portion of her business related to the Materials.

## FIRST CAUSE OF ACTION AGAINST EACH DEFENDANT FOR COPYRIGHT INGRINGEMENT- ACTUAL COPYING

10.  Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 9 above, as if fully set for the herein.

11.  This cause of action arises under the federal Copyright Act, 17 U.S.C.§ 101 et seq., as amended.  This Court has subject-matter jurisdiction over this dispute under 28 U.S.C § 1331 (federal question) because the claims asserted arise under the Copyright Act.  The Materials (including each element and derivative version thereof) and the rendering of ideas and elements therein, constitutes copyrightable expression protected by the federal Copyright Act, 17 U.S.C. § 101, et seq.

12.  Plaintiff is the sole and exclusive owner of the Materials and sole owner and exclusive owner of the exclusive rights to copy, reproduce, manufacture copies,

modify, exhibit, distribute and utilize the Materials, as well as to create derivative works thereof and otherwise exploit the Materials as copyrighted works along with each and all other rights under the U.S. Copyright Act.

13.  Defendants (and each of them) obtained copies of Plaintiff's copyrighted works in the form of the Materials and converted the Materials for Defendants' own, joint benefit without Plaintiff's permission and without compensating Plaintiff therefor as alleged herein.

14.  After having engaged in such conduct, Defendants took the Materials and utilized the Materials in a wide variety of media, presentations, exhibitions, classes, conferences, marketing materials, promotional materials, publicity and widespread digital marketing. In each instance, not only did the Defendants violate Plaintiff's exclusive rights; but said Defendants obtained goodwill and generated income by represented to the public that the Materials belonged to the Defendants.

15.  The unlawful and infringing distribution of the Materials by the Defendants has been so massive and complex that Plaintiff is unable to derive any value from the original Materials because they have been falsely designated as creations, copyrights and components of the Defendants ongoing business activities. Defendants have repeatedly represented to the general public and to potential business partners of Plaintiff representations hat the Materials were created and

owned by the Defendants. The result of such conduct has eliminated any value to the Materials for Plaintiff.

16.  In addition to the foregoing, Defendants (and each of them) copied Plaintiff's Materials (in whole and in part) and utilized such Materials in connection with various presentations, exhibitions, seminars, workshops, etc. and identified, designated and credited the originality of the Materials to the Defendants rather than Plaintiff. Again, all of the foregoing occurred without the permission of Plaintiff, in violation of Plaintiff's exclusive rights and in an effort to harm Plaintiff and Plaintiff's business.

17.  By engaging in the conduct described above, Defendants have committed and continue to commit copyright infringement under the federal Copyright Act, 17 U.S.C. §§101 et seq. Defendants' copying and infringing uses of the Materials (as described above) is a wilful and conscious disregard of Plaintiff's rights under the federal Copyright Act. Such acts by the Defendants constitution misappropriation of and false designation of the Materials and each element thereof. These unlawful uses of the Materials have bolstered the business endeavors of the Defendants and destroy the value of the Materials to Plaintiff.

18.  In addition, the wrongful conversion of the Materials and the concerted efforts by Defendants alleged herein were designed to harm, destroy and disrupt Plaintiff's business endeavors and the Business Purpose. Defendants attempted to

drive Plaintiff out of the marketplace and commercial market for the Materials in an effort to maintain superiority and control in such markets.

19.  Plaintiff has been and will continue to be damaged as a direct and proximate result of Defendants' continuing acts of infringement and threatened infringement, including but not limited to, lost revenues and profits, damaged relations with existing and prospective business partners, and continuing loss of value of its copyright interests in the Materials and any derivative works based thereupon. The damages that Plaintiff has suffered and continues to suffer from this infringement are irreparable.  Plaintiff has no adequate remedy at law, and such conduct will continue to cause irreparable harm unless restrained by this Court by the issuance of injunctive and/or other equitable relief.

20.  Unless enjoined by this Court, Defendants' conduct alleged herein and continued infringement of Plaintiff's copyright interests in the Materials will cause further irreparable injury.  Plaintiff therefore requests that, after trial, this Court issue a permanent injunction, restraining and enjoining Defendants and their agents, employees, attorneys, representatives, and anyone acting at their direction or behalf from copying, reproducing, distributing, or displaying, without the express or implied consent of Plaintiff, the Materials and/or any of its elements. In addition, Plaintiff reserves the right to seek a temporary restraining order and preliminary injunction

against each of the Defendants from further exploiting, exhibiting copying and/or otherwise using the Materials in whole or part.

21.  Furthermore, in an effort to prevent ongoing and future infringement of Plaintiff's copyright interests and the irreparable injury resulting therefrom; Plaintiff requests that this Court order Defendants to surrender all copies made in violation of Plaintiff's copyright interests, as well as any digital or physical copies thereof as part of its final judgment in this action.

22.  As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interests in the Materials, Plaintiff has been damaged and continues to be damaged in an amount to be determined at trial which is believed to be in excess of Five Million Dollars ($5,000,000.00).  Plaintiff is also entitled, under 17 U.S.C. § 504(a), to seek available statutory damages, to the extent they exceed Plaintiff's actual damages, for each of Defendants' acts of infringement.  In infringing Plaintiff's copyright interests, Defendants acted wilfully and maliciously, entitling Plaintiff to seek appropriate enhancement of any statutory damages, pursuant to 17 U.S.C. §504(c)(2), in an amount to be determined at trial.

23.  As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interests in the Materials, Defendants have made and will make profits attributable to their infringement.  The amount of these profits will be determined at the time of trial.  As a direct and proximate result of Defendants' wilful infringement

of Plaintiff's copyright interests, Plaintiff has had to retain legal counsel, and may

seek to recover its attorneys' fees from Defendants pursuant to 17 U.S.C § 505, as

well as costs, including any expert fees that might be appropriately recoverable.

## SECOND CAUSE OF ACTION AGAINST EACH DEFENDANT
## FOR COPYRIGHT INGRINGEMENT – IMPLIED COPYING

24.  Plaintiff repeats and incorporates by reference the allegations in

paragraphs 1 through 23 above, as if fully set for the herein.

25.  Defendants (and each of them) had direct, physical access to Plaintiff's

Materials, in whole and in part.  Defendants and each of them, through their

concerted and cooperative efforts, had widespread access to the Materials.

26.  The Materials (including each element and all derivative elements thereof)

and the elements therein, constitute copyrightable expressions protected by the

federal Copyright Act, 17 U.S.C. § 101, et seq.  Plaintiff is the sole and exclusive

owner of all of the exclusive rights to reproduce the Materials in copies, prepare

derivative works based upon the copyrighted work, manufacture recordings,

distribute copies of the copyrighted work, and display the copyrighted work publicly

along with all other exclusive rights under the U. S. Copyright Act.

27.  Defendants "created" other materials, presentations, exhibits, etc. (the "Infringing Items") which are "substantially similar" to those elements of the Materials.  The similarities between the Bilal Properties rises above a *de minimis* use and reaches a qualitative and quantitative threshold of "substantial" for purposes of determining copyright infringement.  The levels of similarities are so substantial that no independent thought or creativity went into creating the Infringing Items or any the significant elements thereof.

28.  Defendants have impermissibly and unlawfully copied, manufactured, generated derivative works, exhibited, displayed, distributed and exploited the Materials within the Infringing Items and provided no credit or compensation to Plaintiff.

29.  By engaging in the conduct described above, Defendants have committed and continue to commit copyright infringement under the federal Copyright Act, 17 U.S.C. §§101 et seq. Defendants' copying and infringing uses of the Materials (as described above) is a wilful and conscious disregard of Plaintiff's rights under the federal Copyright Act. Such acts by the Defendants constitution misappropriation of and false designation of the Materials and each element thereof. These unlawful uses of the Materials have bolstered the business endeavors of the Defendants and destroy the value of the Materials to Plaintiff.

30.  In addition, the wrongful conversion of the Materials and the concerted efforts by Defendants alleged herein were designed to harm, destroy and disrupt Plaintiff's business endeavors and the Business Purpose. Defendants attempted to drive Plaintiff out of the marketplace and commercial market for the Materials in an effort to maintain superiority and control in such markets.

31.  Plaintiff has been and will continue to be damaged as a direct and proximate result of Defendants' continuing acts of infringement and threatened infringement, including but not limited to, lost revenues and profits, damaged relations with existing and prospective business partners, and continuing loss of value of its copyright interests in the Materials and any derivative works based thereupon. The damages that Plaintiff has suffered and continues to suffer from this infringement are irreparable.  Plaintiff has no adequate remedy at law, and such conduct will continue to cause irreparable harm unless restrained by this Court by the issuance of injunctive and/or other equitable relief.

32.  Unless enjoined by this Court, Defendants' conduct alleged herein and continued infringement of Plaintiff's copyright interests in the Materials will cause further irreparable injury.  Plaintiff therefore requests that, after trial, this Court issue a permanent injunction, restraining and enjoining Defendants and their agents, employees, attorneys, representatives, and anyone acting at their direction or behalf from copying, reproducing, distributing, or displaying, without the express or implied

consent of Plaintiff, the Materials and/or any of its elements. In addition, Plaintiff reserves the right to seek a temporary restraining order and preliminary injunction against each of the Defendants from further exploiting, exhibiting copying and/or otherwise using the Materials in whole or part.

33. Furthermore, in an effort to prevent ongoing and future infringement of Plaintiff's copyright interests and the irreparable injury resulting therefrom; Plaintiff requests that this Court order Defendants to surrender all copies made in violation of Plaintiff's copyright interests, as well as any digital or physical copies thereof as part of its final judgment in this action.

34. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interests in the Materials, Plaintiff has been damaged and continues to be damaged in an amount to be determined at trial which is believed to be in excess of Five Million Dollars ($5,000,000.00). Plaintiff is also entitled, under 17 U.S.C. § 504(a), to seek available statutory damages, to the extent they exceed Plaintiff's actual damages, for each of Defendants' acts of infringement. In infringing Plaintiff's copyright interests, Defendants acted wilfully and maliciously, entitling Plaintiff to seek appropriate enhancement of any statutory damages, pursuant to 17 U.S.C. §504(c)(2), in an amount to be determined at trial.

35. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interests in the Materials, Defendants have made and will make profits

attributable to their infringement.  The amount of these profits will be determined at the time of trial.  As a direct and proximate result of Defendants' wilful infringement of Plaintiff's copyright interests, Plaintiff has had to retain legal counsel, and may seek to recover its attorneys' fees from Defendants pursuant to 17 U.S.C § 505, as well as costs, including any expert fees that might be appropriately recoverable.

### THIRD CAUSE OF ACTION

### AGAINST ALL DEFENDANTS

### FOR VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT

36.  Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 35 above, as if fully set for the herein.

37.  Subsequently to the creation of the Materials, Plaintiff developed accompanying information, patterns, methods, techniques and processes to aid in the marketing, promotion, delivery, exhibition and execution of the Materials. These items (the "Trade Secrets") were separate and distinct from the Materials and were utilized by Plaintiff to make the Materials more desirable and valuable. Each of these Trade Secrets derived independent economic value (actual and potential) from not being generally known to the public and/or to other persons who can obtain economic value from the disclosure and/or use of the Trade Secrets.  At all times, the Trade

Secrets were the subject of efforts by Plaintiff (and known to Defendants) that were reasonably undertaken to maintain the secrecy of the Trade Secrets.

38.  Plaintiff presented the Materials and the Trade Secrets to the Defendants with the understanding that the Trade Secrets were, in fact, trade secrets which were expected to be kept confidential and utilized only in connection with the Materials for the Business Purpose. More specifically, Plaintiff and Defendants entered into an implied contract pursuant to which Defendants agreed to refrain from any use of the Materials and/or the Trade Secrets unless and until Defendants entered into an agreement with Plaintiff for the Business Purpose. However, in addition to infringing upon Plaintiff's copyrights to the Materials, Defendants breached the implied agreement and Plaintiff's reasonably-anticipated trust and unlawfully converted the Trade Secrets and shamelessly used same in furtherance of Defendants' infringement of the Materials.

39.  In obtaining access to the Trade Secrets, the Defendants (and each of them) engaged theft, bribery, misrepresentations, breaches and/or inducement of breaches of a duty to maintain secrecy and otherwise betrayed Plaintiff's reasonable trust in an effort to obviate the known Business Purpose and instead to exploit the Materials and the Trade Secrets for Defendants' own (and joint) benefit to the exclusion of Plaintiff.

40.  At the time at which Defendants obtained access to the Trade Secrets, each such Defendant knew that the Materials and the Trade Secrets were the sole and exclusive property of Plaintiff and had been designed by Plaintiff for the Business Purpose. Defendants feigned interest in entering into agreements with Plaintiff which were consistent with the Business Purpose. However, at all such times, Defendants motives were to unlawfully and illegally steal Plaintiff's Materials and Trade Secrets and use same for Defendants' own benefit. The acquisition of the Trade Secrets were effectuated by Defendant Al Gohary on behalf of his co-Defendants; all of whom had reason to know (at the time of acquisition) and again at the time of use that the Trade Secrets were acquired unlawfully, illegally, improperly and contrary to the expressed expectations of the parties that such Trade Secrets (and the Materials) would not be used by the Defendants unless and until said Defendants entered into an agreement with Plaintiff consistent with the Business Purpose.

41.  Defendants engaged in a series of activities, exhibitions, seminars, workshops and other methods of distribution of the Trade Secrets in support of the Materials.  All of such activities were undertaken without the consent and/or permission of the Plaintiff and without offering or paying any compensation to Plaintiff.

42.  As such, Defendants came into possession of the Trade Secrets by improper means and for improper purposes.  In acting on behalf of each of the other

named Defendants, Defendant Al Gohary had the apparent, expressed and implied authority to act on behalf of each of the Defendants. Defendant Al Gohary made each of the Defendants aware of his intentions to unlawfully, illegally, improperly and in violation of the agreements, understandings and expectations established between Plaintiff and Defendants convert, utilize and deprive Plaintiff of the benefits of the Trade Secrets.  Even after Defendant Al Gohary's conduct as alleged herein, Defendants authorized, condoned, consented to, decided and undertook to engage in the unlawful conduct alleged herein for their own benefit. At all such times, Defendants (and each of them) proceeded with the exploitation of the Trade Secrets with a firm understanding and explicit knowledge that Plaintiff's intention was not for them to do so.

43.  By engaging in the conduct described above, Defendants have committed and continue to commit multiple violations of the California Uniform Trade Secrets Act and committed violations thereof each and every time said Defendants engaged in any display, distribution, use and/or exhibition of the Materials.  These unlawful uses of the Trade Secrets have bolstered the business endeavors of the Defendants and destroyed the value of the Materials to Plaintiff.

44.  In addition, the wrongful conversion of the Trade Secrets and the concerted efforts by Defendants alleged herein were designed to harm, destroy and disrupt Plaintiff's business endeavors and the Business Purpose. Defendants

attempted to drive Plaintiff out of the marketplace and commercial market for the Trade Secrets in an effort to maintain superiority and control in such markets.

45.   Plaintiff has been and will continue to be damaged as a direct and proximate result of Defendants' continuing acts, including but not limited to, lost revenues and profits, damaged relations with existing and prospective business partners, and continuing loss of value of its interests in the Trade Secret (and ultimately diminishing the value of the Materials).

46.   As a direct, foreseeable, legal, actual and proximate result of the Defendants' acts and omissions alleged herein; Plaintiff has suffered and continues to suffer substantial losses in expenses, loss of use, inconveniences, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, discomfort and other damages in an amount which will be proven at trial.  Plaintiff contends that Plaintiff is entitled to all categories of economic and non-economic damages for the alleged conduct.

50.   In addition to the foregoing damages, Plaintiff requests that this Court grant injunctive, declaratory and equitable relief as provided by law.

51.   Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, willfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of Plaintiff's rights.  Defendants were specifically

aware of the certain danger and harm that would be caused by their conduct; but elected to proceed with such actions to humor themselves and their audience while hoping to increase ratings of the show in exchange for causing such physical and emotional harm to Plaintiff.  The conduct of the Defendants was extremely reckless and capricious and subjected Plaintiffs to cruel and unjust hardships.  The recklessness was despicable and done in conscious disregard of Plaintiff's fundamental rights.  Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiff of Plaintiff's fundamental rights.  Defendants and those persons intended to cause injury to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff's fundamental rights.  Defendants and these persons used their superior power and authority over the Plaintiff along with threats and intimidation to subject Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff's rights.  All of the foregoing conduct was undertaken, ratified, affirmed and directed by the Defendants and their owners, managing agents, senior executives, supervisors, directors and officers.  Accordingly, Plaintiff also seeks punitive or exemplary damages against the Defendants subject thereto in an amount appropriate to punish and make an example of them in addition to the other damages sought herein.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

## FOR BREACH OF IMPLIED CONTRACT

52.  Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 51 above, as if fully set for the herein.

53.  As previously alleged, Plaintiff and Defendants met with the understanding that Plaintiff would present the Materials and the Trade Secrets to Defendants solely for purposes of the Defendants' evaluation thereof. Furthermore, the parties agreed that the Materials and the Trade Secrets would not be used by the Defendants in any manner unless and until the parties entered into an agreement therefor which was consistent with the Business Purpose.

54.  More specifically, Plaintiff prepared the Materials and the Trade Secrets for the Business Purpose and then made such preparation known to the Defendants. Plaintiff informed, notified, instructed and disclosed to the Defendants that Plaintiff was only making the Materials and the Trade Secrets available to Defendants for consideration of same for the Business Purposes. Defendants agreed to the foregoing and acknowledged that the Materials and the Trade Secrets would only be considered for the limited purpose of whether or not Plaintiff and Defendants would enter into a subsequent agreement consistent with the Business Purpose.

55.  Defendants were explicitly made aware of the foregoing and voluntarily accepted the disclosure of the Materials and Trade Secrets with the knowledge and the understanding of the foregoing and the limited purpose of such disclosure.

56.  The foregoing created an enforceable agreement between the parties which was breached by the Defendants in their use, exploitation, distribution and exhibition of the Materials and Trade Secrets in violation of the terms of the agreement which was implied by the parties.

57.  Plaintiff has been and will continue to be damaged as a direct and proximate result of Defendants' continuing acts, including but not limited to, lost revenues and profits, damaged relations with existing and prospective business partners, and continuing loss of value of its interests in the Materials and Trade Secrets.

58.  As a direct, foreseeable, legal, actual and proximate result of the Defendants' acts and omissions alleged herein; Plaintiff has suffered and continues to suffer substantial losses in expenses, loss of use, inconveniences, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, discomfort and other damages in an amount which will be proven at trial.  Plaintiff contends that Plaintiff is entitled to all categories of economic and non-economic damages for the alleged conduct.

59.  In addition to the foregoing damages, Plaintiff requests that this Court grant injunctive, declaratory and equitable relief as provided by law.

60.  Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, willfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of Plaintiff's rights.  Defendants were specifically aware of the certain danger and harm that would be caused by their conduct; but elected to proceed with such actions to humor themselves and their audience while hoping to increase ratings of the show in exchange for causing such physical and emotional harm to Plaintiff.  The conduct of the Defendants was extremely reckless and capricious and subjected Plaintiffs to cruel and unjust hardships.  The recklessness was despicable and done in conscious disregard of Plaintiff's fundamental rights.  Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiff of Plaintiff's fundamental rights.  Defendants and those persons intended to cause injury to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff's fundamental rights.  Defendants and these persons used their superior power and authority over the Plaintiff along with threats and intimidation to subject Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff's rights.  All of the foregoing conduct was undertaken, ratified, affirmed

and directed by the Defendants and their owners, managing agents, senior executives, supervisors, directors and officers.  Accordingly, Plaintiff also seeks punitive or exemplary damages against the Defendants subject thereto in an amount appropriate to punish and make an example of them in addition to the other damages sought herein.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

## FOR VIOLATION OF THE CALIFORNIA CONSUMER REMEDIES ACT

62.  Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 61 above, as if fully set for the herein.

63.  Defendants, in engaging in the conduct alleged herein with respect to the Materials and the Trade Secrets (and otherwise as it relates to Plaintiff's business plans and the Business Purpose), violated various provisions of California Civil Code Section 1770(a); to wit:

(1)  Passing off goods or services as those of another.

(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(3) Misrepresenting the affiliation, connection, or association with, or certification by, another.

…

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

64.   Plaintiffs' counsel sent notice of these violations to the Defendants and each of them, as required by California Civil Code Section 1782 on or about October 5, 2019, by registered mail and obtained a return receipt for each.

65.   In addition, the wrongful conversion of the Trade Secrets and the concerted efforts by Defendants alleged herein were designed to harm, destroy and disrupt Plaintiff's business endeavors and the Business Purpose. Defendants attempted to drive Plaintiff out of the marketplace and commercial market for the Trade Secrets in an effort to maintain superiority and control in such markets.

66.   Plaintiff has been and will continue to be damaged as a direct and proximate result of Defendants' continuing acts, including but not limited to, lost revenues and profits, damaged relations with existing and prospective business partners, and continuing loss of value of its interests in the Trade Secret (and ultimately diminishing the value of the Materials).

67.   As a direct, foreseeable, legal, actual and proximate result of the Defendants' acts and omissions alleged herein; Plaintiff has suffered and continues to

suffer substantial losses in expenses, loss of use, inconveniences, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, discomfort and other damages in an amount which will be proven at trial.  Plaintiff contends that Plaintiff is entitled to all categories of economic and non-economic damages for the alleged conduct.

68.  In addition to the foregoing damages, Plaintiff requests that this Court grant injunctive, declaratory and equitable relief as provided by law.

69.  Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, willfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of Plaintiff's rights.  Defendants were specifically aware of the certain danger and harm that would be caused by their conduct; but elected to proceed with such actions to humor themselves and their audience while hoping to increase ratings of the show in exchange for causing such physical and emotional harm to Plaintiff.  The conduct of the Defendants was extremely reckless and capricious and subjected Plaintiffs to cruel and unjust hardships.  The recklessness was despicable and done in conscious disregard of Plaintiff's fundamental rights.  Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiff of Plaintiff's fundamental rights.  Defendants and those persons

intended to cause injury to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff's fundamental rights.  Defendants and these persons used their superior power and authority over the Plaintiff along with threats and intimidation to subject Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff's rights.  All of the foregoing conduct was undertaken, ratified, affirmed and directed by the Defendants and their owners, managing agents, senior executives, supervisors, directors and officers.  Accordingly, Plaintiff also seeks punitive or exemplary damages against the Defendants subject thereto in an amount appropriate to punish and make an example of them in addition to the other damages sought herein.

## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FOR UNFAIR COMPETITION

70.  Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 69 above, as if fully set for the herein.

71.  California Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue or misleading advertising." California Business & Professions Code §17200 "is not confined to anticompetitive business practice but is equally directed toward 'the right

of the public to protection from fraud and deceit.'"  "[A]ny unlawful, unfair or fraudulent business act or practice is deemed to be unfair competition."

72.   The Defendants (and each of them) engaged in the unlawful conduct alleged hereinabove in violation of it civil, criminal, federal and state laws as previously alleged.  Each such instance of unlawful conduct by the Defendants alleged herein was a business practice that offends the established public policies of the State of California and of the United States and each instance of such conduct was immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

73.   The Defendants hold themselves as an assistive agency designed to encourage and develop entrepreneurship. The Defendants used their propaganda and goodwill to seduce Plaintiff into disclosing and providing her Materials and the Trade Secrets to the Defendants in reasonably reliance upon the Defendants' marketing and public relations' efforts which portrayed the Defendants as reliable, responsible, honest and trustworthy potential business partners which would fairly and properly compensate Plaintiff for her goods and services.

74.   The Defendants practices were intentionally deceptive and sinister, as alleged hereinabove. Defendants sought to take advantage of Plaintiff's efforts and convert Plaintiff's property into Defendants'. Defendants evaluated the legal risks of doing so and elected to bear that risk rather than deal with Plaintiff honestly, fairly

and in a matter consistent with the Defendants' business reputation and stated purposes.

75.  In addition, the wrongful conversion of the Trade Secrets and the concerted efforts by Defendants alleged herein were designed to harm, destroy and disrupt Plaintiff's business endeavors and the Business Purpose. Defendants attempted to drive Plaintiff out of the marketplace and commercial market for the Trade Secrets in an effort to maintain superiority and control in such markets.

76.  Plaintiff has been and will continue to be damaged as a direct and proximate result of Defendants' continuing acts, including but not limited to, lost revenues and profits, damaged relations with existing and prospective business partners, and continuing loss of value of its interests in the Trade Secret (and ultimately diminishing the value of the Materials).

77.  As a direct, foreseeable, legal, actual and proximate result of the Defendants' acts and omissions alleged herein; Plaintiff has suffered and continues to suffer substantial losses in expenses, loss of use, inconveniences, quality of life, goodwill; and has suffered and continues to suffer humiliation, ridicule, contempt, embarrassment, severe mental and emotional distress, discomfort and other damages in an amount which will be proven at trial.  Plaintiff contends that Plaintiff is entitled to all categories of economic and non-economic damages for the alleged conduct.

78.  In addition to the foregoing damages, Plaintiff requests that this Court grant injunctive, declaratory and equitable relief as provided by law and restitution.

79.  Defendants, their senior executives, managing agents, managers, directors and officers committed the acts described in this cause of action intentionally, willfully, oppressively, fraudulently and maliciously for the purpose of injuring Plaintiff and depriving Plaintiff of Plaintiff's rights.  Defendants were specifically aware of the certain danger and harm that would be caused by their conduct; but elected to proceed with such actions to humor themselves and their audience while hoping to increase ratings of the show in exchange for causing such physical and emotional harm to Plaintiff.  The conduct of the Defendants was extremely reckless and capricious and subjected Plaintiffs to cruel and unjust hardships.  The recklessness was despicable and done in conscious disregard of Plaintiff's fundamental rights.  Furthermore, such conduct on the part of Defendants and those persons was intentional, oppressive, fraudulent, malicious and done in a wanton effort to deprive Plaintiff of Plaintiff's fundamental rights.  Defendants and those persons intended to cause injury to Plaintiff and engaged in conduct with a willful and conscious disregard of Plaintiff's fundamental rights.  Defendants and these persons used their superior power and authority over the Plaintiff along with threats and intimidation to subject Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff's rights.  All of the foregoing conduct was undertaken, ratified, affirmed

and directed by the Defendants and their owners, managing agents, senior executives, supervisors, directors and officers.  Accordingly, Plaintiff also seeks punitive or exemplary damages against the Defendants subject thereto in an amount appropriate to punish and make an example of them in addition to the other damages sought herein.

## JURY DEMAND

Plaintiff demands trial by jury to resolve the issues raised herein; with the exception of such issues as are retained by the Court to grant injunctive relief.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A.     That the Court enter judgment in favor of Plaintiff and against Defendants for equitable and monetary relief, subject to applicable law;

B.     That the Court enter a declaratory judgment confirming ownership of the Materials and the Trade Secrets to Plaintiff;

C.     That Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, be preliminarily and permanently restrained and enjoined from infringing upon Plaintiff's copyrights and utilizing Plaintiff's Trade Secrets;

D.     That Plaintiff recover compensatory damages for Defendants' wrongdoing in an amount to be established at trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate;

E.  That Plaintiff recover its proven damages or statutory damages elected in accordance with the Copyright Act, 17 U.S.C.$ 504 and 505 and other applicable law.

F.     That Plaintiff recover an award of punitive and other appropriate exemplary damages, disgorgement, restitution, pre-judgment and post-judgment interest as permitted by statute and/or contract;

G.     That Plaintiff recover attorneys' fees and the costs of suit herein; and

H.     Such other and further relief as this Court may deem just and proper.


DATED: June 25, 2020                    Respectfully Submitted


                                        _Michael S. Traylor_
                                        _____
                                        Michael S. Traylor

                                        Attorney for Plaintiff