JEFFERY BOSSERT CLARK
Acting Assistant Attorney General
GARY L. HAUSKEN
Director
RACHEL HICKS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Rachel.Hicks@usdoj.gov
Tel: (202) 514-7223
Fax: (202) 307-0345

Attorneys for the United States
Small Business Administration

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JASMIN YANG (Cal. Bar No. 255254)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8827
Facsimile: (213) 894-7819
E-mail: Jasmin.Yang@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LETHIA DAVIS, individually and d/b/a BEAUTIFUL MINDS ENTREPRENEURSHIP PROGRAM and BEAUTIFUL MINDS ENTREPRENEURSHIP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION; MICHAEL DANIEL; ORANGE COUNTY INLAND EMPIRE SMALL BUSINESS DEVELOPMENT CENTER NETWORK, AMERICA'S SBDC, AMERICA'S SMALL BUSINESS DEVELOPMENT CENTER NETWORK; CHRISTOPHER LORENZANA; and AL GOHARY, <br><br> Defendants. | No. EDCV 20-01280-SVW-KK <br><br> **UNITED STATES SMALL BUSINESS ADMINISTRATION'S NOTICE OF MOTION AND MOTION TO DISMISS** <br><br> Hearing Date: January 11, 2020 <br> Hearing Time: 1:30 p.m. <br> Ctrm: 10A <br><br> Honorable Stephen V. Wilson <br> United States District Judge |

# TABLE OF CONTENTS

I.     **INTRODUCTION** ..................................................................................... 1

II.    **FACTUAL BACKGROUND** ............................................................... 1

III.   **LEGAL STANDARDS** ......................................................................... 2

    A.    Rule 12(b)(1) Standard of Review ................................................. 2

    B.    Rule 12(b)(6) Standard of Review ................................................. 3

    A.    Davis Has Failed to Properly Invoke Federal Jurisdiction ........... 4

        1.    Davis has failed to plead a waiver of sovereign immunity ................ 4

        2.    Because jurisdiction is not proper in this Court, Davis should not be granted leave to amend her complaint. ................................. 6

    B.    Davis has failed to state claims upon which relief may be granted ........... 10

        1.    Davis has failed to plead a plausible Trade Secret Claim and Breach of Implied Contract Claim. ................................................. 11

        2.    Davis' Consumer Legal Remedies Act Claim must be dismissed. ......................................................................................... 12

        3.    Davis's Unfair Competition claim likewise fails ............................. 13

IV.   **CONCLUSION** ................................................................................... 14

i

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*A.C.L. Computers & Software, Inc. v. United States*,
4    No. 16-CV-01485-SK, 2017 WL 6060267 (N.D. Cal. Mar. 13, 2017) ...................... 9

5

*Ascot Dinner Theatre, Ltd. v. Small Business Admin.*,
6    887 F.2d 1024 (10th Cir. 1989) .................................................................. 9

7

*Ashcroft v. Iqbal*,
8    556 U.S. 662 (2009) ......................................................................... 3, 11

9

*al-Kidd v. Ashcroft*,
10    580 F.3d 949 (9th Cir. 2009) ...................................................................... 4

11

*Balistreri v. Pacifica Police Dept.*,
12    901 F.2d 696 (9th Cir. 1988) ...................................................................... 3

13

*Bell Atl. Corp. v. Twombly*,
14    550 U.S. 544 (2007) ............................................................................ 3-4

*Block v. United States*,
15    66 Fed. Cl. 68 (2005) ............................................................................. 9

16

*Bunnell v. Motion Picture Ass'n of Am.*,
17    567 F.Supp.2d 1148 (C.D. Cal. 2006) ..................................................... 11

18

*Cel–Tech Commc'ns., Inc. v. Los Angeles Cellular Tel. Co.*,
19    20 Cal. 4th 163 (1999) ......................................................................... 13

20

*Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*,
    No. CV 03-5834-GHK VBKX, 2005 WL 4715213 (C.D. Cal. Apr. 28, 2005) .......... 7

21

*CtyoDyn of New Mexico, Inc. v. Amerimmune Pharmaceuticals, Inc.*,
22    160 Cal. App. 4th 288 (2008) .................................................................. 12

23

*Cunningham v. United States*,
24    786 F.2d 1445 (9th Cir. 1986) .................................................................. 4

25

*Diodes, Inc. v. Franzen*,
    260 Cal. App. 2d 244, 253 (1968) ............................................................ 11

26

*FDIC v. Meyer*,
27    510 U.S. 471 (1994) ............................................................................. 9

28

ii

*Foman v. Davis*,
371 U.S. 178 (1962) ................................................................. 6

*Freiman v. Lazur*,
925 F. Supp. 14 (D.D.C. 1996) ................................................ 6

*Gilbert v. DaGrossa*,
756 F.2d 1455 (9th Cir. 1985) ................................................ 5

*Grosso v. Miramax Film Corp.*,
383 F.3d 965 (9th Cir. 2004) .................................................. 7

*Imax Corp. v. Cinema Tech. Inc.*,
152 F.3d 1161 (9th Cir. 1998) ............................................... 11

*JEB Grp., Inc. v. San Jose III*,
No. CV1904230CJCAGRX, 2020 WL 2790012, at *3 (C.D. Cal. Mar. 31, 2020)...... 8

*K.C. Multimedia Inc. v. Bank of Am. Tech. & Operations, Inc.*,
171 Cal. App. 4th 939 (2009) ................................................. 8

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ......................................... 4, 10, 14

*Keehn v. United States*,
No. CV144733PSGPJWX, 2015 WL 12806469 (C.D. Cal. Jan. 30, 2015) ............... 9

*Kennedy v. Sphere Drake Ins.*,
No. 00-36021, 2002 WL 505903 (9th Cir. Apr. 2, 2002) ........................ 3

*Kingman Reef Atoll Investments, L.L.C. v. United States*,
541 F.3d 1189 (9th Cir. 2008) ............................................... 3

*Lippitt v. Raymond James Fin. Servs.*,
340 F.3d 1033 (9th Cir. 2003) .............................................. 13

*Mattel, Inc. v. MGA Entm't, Inc.*,
782 F. Supp. 2d 911 (C. Cal. 2011) ......................................... 8

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*,
298 U.S. 178 (1936) ......................................................... 3

*Montz v. Pilgrim Films & Television, Inc.*,
649 F.3d 975 (9th Cir. 2011) ............................................. 7-8

iii

*Richter v. CC Palo Alto, Inc.*,
   176 F.Supp.3d 877 (N.D. Cal. 2016) ........................................................ 12

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ............................................................... 2-3

*Spear Mktg.*, Inc. *v. BancorpSouth Bank*,
   791 F.3d 586 (5th Cir. 2015) ..................................................................... 8

*Spicer v. Jensen*,
   210 F.3d 385 (9th Cir. 2000) ..................................................................... 5

*Sutton v. U.S. Small Bus. Admin.*,
   92 F. App'x 112 (6th Cir. 2003) .......................................................... 9-10

*Tosco Corp. v. Comtys. for a Better Env't*,
   236 F.3d 495 (9th Cir. 2001) ..................................................................... 3

*Unilab Corp. v. Angeles-IPA*,
   244 Cal. App. 4th 622 (2016) ................................................................... 12

*United States v. Idaho*,
   508 U.S. 1 (1993) ................................................................................... 4-5

*United States v. King*,
   395 U.S. 1 (1969) ..................................................................................... 4

*United States v. Park Place Assocs. Ltd.*,
   563 F.3d 907 (9th Cir. 2009) ..................................................................... 4

*United States v. Sherwood*,
   312 U.S. 584 (1941) .................................................................................. 4

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................ 4, 10

*Westside Estate Agency, Inc. v. Randall*,
   6 Cal. App. 5th 317 (2016) ..................................................................... 12

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ..................................................................... 3

*Wynne Systems, Inc. v. Mobile Storage Grp. Inc.*,
   2010 WL 11595726 (C.D. Cal. May 5, 2010) ......................................... 14

iv

**Statutes**

15 U.S.C.§ 634 ................................................................................ 8

17 U.S.C. § 101 .............................................................................. 5

17 U.S.C. § 301 .............................................................................. 7

28 U.S.C. § 1331 ............................................................................ 5

28 U.S.C. § 1367 ............................................................................ 5

28 U.S.C. § 1498 ......................................................................... 5, 6

28 U.S.C. § 2679 ............................................................................ 9

28 U.S.C. § 2680 .......................................................................... 10

California Civil Code § 1770 ......................................................... 2

California Civil Code § 1761 ....................................................... 12

California Civil Code § 1780 ....................................................... 12

California Civil Code § 3426.1 ............................................... 11, 13

California Business and Professional Code § 17200 ................. 2, 13

**Rules**

Fed. R. Civ. P. 8 ...................................................................... 4, 11

Fed. R. Civ. P. 9 ........................................................... 4, 10, 11, 14

Fed. R. Civ. P. 12 ................................................................... 1-4. 14

Fed. R. Civ. P. 15 ........................................................................... 6

**Other Sources**

1 NIMMER ON COPYRIGHT (2002) § 1.01 .......................................... 7

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

PLEASE TAKE NOTICE that, on December 8, 2020, or as soon thereafter as they

3 may be heard the United States Small Business Administration ("SBA") will, and hereby

4 does, move this Court for an order dismissing the complaint with prejudice. This motion

5 will be made in the First Street Federal Courthouse before the Honorable Stephen V.

6 Wilson, United States District Judge, located at Courtroom 10A at 350 West 1st Street,

7 Los Angeles, California 90012.

8

SBA brings the motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and

9 12(b)(6) on the following grounds:

10

1. This Court lacks subject matter jurisdiction over all of the claims asserted

11 against the SBA. Plaintiffs have failed to plead that the United States has waived its

12 sovereign immunity.

13

2. Further, the United States has not waived its sovereign immunity and consented

14 for the SBA, its agency, to be sued in this Court for the claims as alleged in the

15 complaint. As pled, the state law claims cannot be brought against the SBA.

16

3. The complaint fails to state plausible and particular claims for the alleged state

17 law claims.

18

This motion is made upon this Notice, the attached Memorandum of Points and

19 Authorities, and all pleadings, records, and other documents on file with the Court in this

20 action, and upon such oral argument as may be presented at the hearing of this motion.

21

This motion is made following the conference of counsel pursuant to L.R. 7-3

22 which took place on November 23, 2020.

23

24 Dated: December 8, 2020                    Respectfully submitted,

25

26                                           JEFFERY BOSSERT CLARK
                                             Acting Assistant Attorney General
27

28

vi

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GARY L. HAUSKEN
Director Commercial Litigation Branch
Civil Division


 /s/ Rachel Hicks

RACHEL HICKS
Trial Attorney Commercial Litigation
Branch
Civil Division
U.S. Department of Justice

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Jasmin Yang
JASMIN YANG
Assistant United States Attorney

Attorneys for United States Small Business
Administration

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Plaintiff Lethia Davis, in her own capacity, and doing business as Beautiful Minds Entrepreneurship Program and Beautiful Minds Entrepreneurship, Inc., (collectively "Davis") has alleged that the United States Small Business Administration ("SBA") infringed her copyright, violated the California Uniform Trade Secret Act, breached an implied contract, violated the California Consumer Legal Remedies Act, and violated California's Unfair Competition Law. However, Davis has failed to identify or plead any waiver of sovereign immunity by the United States in her complaint that would grant this Court jurisdiction over any of her claims against the SBA and failed to state a claim for breach of contract, violation of the California Uniform Trade Secret Act, the California Consumer Legal Remedies Act, and California's Unfair Competition Law upon which relief can be granted. For this reason, the complaint must be dismissed for lack of jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

**II.    FACTUAL BACKGROUND**

Davis filed her complaint against the SBA, its employee Christopher Lorenzana; as well as the Orange County Inland Empire SBDC Network, its director Michael Daniel, America's SBDC, and Al Gohary, an employee of an unspecified codefendant (collectively, the "Defendants"). Davis alleges that she developed "a unique and creative series of informational, instruction, motivational and educational materials, techniques, methods, protocols, approaches and processes, etc. which were designed to assist aspiring and actual entrepreneurs in successfully launching, operating and growing small businesses" (the "Materials"). ECF 1 ¶ 4. These Materials were allegedly registered with the United States Copyright Office, with either a registration number pending, *id.*, or with the registration number TXu002201977, *id.* ¶ 1.

In addition to the Materials, Davis also developed "a series of accompanying

information, patterns, methods, techniques and processes to aid in the marketing, promotion, delivery, exhibition and execution of the Materials," which she alleges are "Trade Secrets." *Id.* ¶ 4. Davis alleges that she developed the Materials and Trade Secrets into a "comprehensive program," which she began to pursue and from which she anticipated revenue. *Id.* ¶ 5.

Davis alleges that she met with Lorenzana and Gohary, as agents for the Defendants, to potentially enter into a contract to conduct workshops and seminars using the Materials and Trade Secrets. *Id.* ¶ 6. Davis alleges she provided the Materials and Trade Secrets to all of the Defendants through Gohary and Lorenzana, who requested the materials on their behalf and under an alleged implied contract that the Materials and Trade Secrets would not be used except for Davis' "Business Purpose." *Id.* ¶¶ 6, 38. The Defendants then allegedly used the Materials and Trade Secrets and widely distributed them, committing copyright infringement (Claim I and II), converting the Trade Secrets (Claim III), and breaching the implied contract (Claim IV). Davis further alleges that the aforementioned actions violated section 1770(a) of California's Civil Code, the Consumer Legal Remedies Act (Claim V), and section 17200 of California's Business and Professions Code (California's Unfair Competition Law) (Claim VI). ECF 1. Davis' complaint alleges damages of $10,000,000. ECF 2. More specifically, Davis alleges that there was an implied contract that the Defendants would not use any of the Materials or Trade Secrets except for her Business Purpose, *id.* ¶ 38, and that her Business Purpose had anticipated revenues "in excess of One Million Dollars," *id.* ¶ 5.

## III.  LEGAL STANDARDS

### A.    Rule 12(b)(1) Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction to hear the case. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) jurisdictional attack "may be facial or factual." *Safe Air for Everyone v.*

2

*Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In resolving the facial attack, the Court must "assume [plaintiff's] allegations to be true and draw all reasonable inferences in his [or her] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008) (quoting *Tosco Corp. v. Comtys. for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001)). "It is the burden of the party invoking the court's jurisdiction to plead and prove the facts supporting such jurisdiction." *Kennedy v. Sphere Drake Ins.*, No. 00-36021, 2002 WL 505903, at \*1 (9th Cir. Apr. 2, 2002) (unpublished) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936)).

### B.    Rule 12(b)(6) Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of the allegations in the complaint and should be granted where the complaint fails to assert a cognizable legal theory or contains insufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Mere conclusory statements or legal conclusions "are not entitled to the assumption of truth." *Id.* ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *id.* at 678 (quoting *Twombly*, 550 U.S. at 570)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a Rule 12(b)(6) motion, the court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Claims grounded in fraud, however, must meet the more stringent requirement of Rule 9(b), and "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that the "circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "Averments of fraud must be accompanied by 'the who, what when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## IV.   ARGUMENT

### A.   Davis Has Failed to Properly Invoke Federal Jurisdiction

#### 1.   Davis has failed to plead a waiver of sovereign immunity.

Davis has failed to assert any statutory waiver of sovereign immunity, let alone identify, as she is required to, an "unequivocal expression" of such a waiver. *United States v. King*, 395 U.S. 1, 4 (1969). "The United States, as sovereign, is immune from suit save as it consents to be sued[.]" *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The party asserting a claim against the United States "has the burden of 'demonstrating unequivocal waiver of immunity.'" *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)). "[W]aivers of federal sovereign immunity must be 'unequivocally expressed' in the statutory text." *United States v. Idaho*, 508 U.S. 1, 6 (1993) (internal citations

omitted). Further, "the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." *Spicer v. Jensen*, 210 F.3d 385 (9th Cir. 2000) (citing *Gilbert v. DaGrossa,* 756 F.2d 1455, 1459 (9th Cir. 1985)). The sovereign immunity of the United States extends to the SBA, as an agency of the United States. To properly invoke this Court's jurisdiction, Davis must at a minimum plead that a waiver exists for the claims against the SBA.

This Court lacks jurisdiction over all of the claims asserted against the SBA and Davis' complaint fails allege otherwise. The complaint states that jurisdiction is proper because "the United States Government is a defendant and the primary subject matter of the case involves claims for infringement of copyrights (federal question). Plaintiff contends that the California State claims are subject to the jurisdiction of this Court under its pendant jurisdiction." ECF 1 ¶ 3. However, simply naming the United States as a party does not create jurisdiction, and jurisdiction against the United States cannot be premised on the Court's general federal question jurisdiction as described in 28 U.S.C. § 1331, the Copyright Act, 17 U.S.C. § 101 *et seq.*, or the Court's ability to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

The general grant of original jurisdiction to the district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, is not and simply cannot be interpreted to create a waiver of sovereign immunity for all civil actions arising under federal law. Likewise, the grant of supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction" as provided for in 28 U.S.C. § 1367, is not a waiver of sovereign immunity for all state claims relating to any action with original jurisdiction in the federal courts. And, lastly, the Copyright Act does not contain any waiver of the United States' sovereign immunity. As explained below, the United States' limited waiver of sovereign immunity for copyright infringement is in 28 U.S.C. § 1498(b) which provides that the United States Court of Federal Claims is the exclusive forum for such a claim.

Without reference to any "unequivocal waiver" of sovereign immunity, Davis' complaint fails to properly plead jurisdiction and should accordingly be dismissed.

2.    Because jurisdiction is not proper in this Court, Davis should not be granted leave to amend her complaint.

Jurisdiction cannot exist in the Central District of California for any of Davis' claims against the SBA. It would, therefore, be futile to allow Davis to replead her complaint. Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Supreme Court has instructed that leave should not be freely given when the "futility of amendment" is apparent. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Such is the case here: there are no amendments that could cure the jurisdictional defects in Davis' complaint.

*First*, to the extent that a claim for copyright infringement against the United States exists, "the **exclusive** action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims . . . ." 28 U.S.C. § 1498(b) (emphasis added). Accordingly, this Court cannot have jurisdiction over any copyright action against the SBA and any such claim for copyright infringement may only be brought against the United States in the Court of Federal Claims. *See, e.g., Freiman v. Lazur*, 925 F. Supp. 14, 19 (D.D.C. 1996) ("[W]hen government employees act within the scope of their official duties and allegedly infringe a copyright, the copyright owner's remedy lies exclusively against the United States and in the U.S. Court of Federal Claims."). Thus, amending the complaint would be futile, any request to do so should be denied, and Claims I and II of the complaint should be dismissed with prejudice.

*Second*, Davis' breach of implied contract claim, Claim IV, cannot survive in this Court and should accordingly be dismissed with prejudice. Davis fails to identify any basis of law for her breach of implied contract claim. Instead, Davis simply refashions her copyright claims and trade secret claims as contract claims, asserting that there was an implied in law contract not to violate the Copyright Act or the California Uniform Trade

6

Secret Act ("CUTSA"), or in other words use or disclose the Materials and Trade Secrets unless it aligned with Davis' Business Purpose and she agreed. Such a "contract" is preempted by the Copyright Act and the CUTSA.

The Copyright Act establishes a two-part test for preemption: "claims under state law are preempted where: (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are 'equivalent to any of the exclusive rights within the general scope of copyright.'" *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004), *opinion amended on denial of reh'g*, 400 F.3d 658 (9th Cir. 2005) (quoting 17 U.S.C. § 301). A contract not to violate the Copyright Act is consequently preempted. "Where a plaintiff's breach of contract claim only asserts that a defendant violated a promise not to use a certain work, that breach of contract claim is preempted." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1126 (N.D. Cal. 2001). "As a claim based on implied-in-law contract includes no 'extra element' in addition to the defendant's unauthorized use of the work, it is equivalent to the rights protected by the Copyright Act." *Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*, No. CV 03-5834-GHK VBKX, 2005 WL 4715213, at *8 (C.D. Cal. Apr. 28, 2005) (holding a breach of implied contract claim preempted) (citing Melville B. Nimmer & David Nimmer, 1 NIMMER ON COPYRIGHT (2002) § 1.01[B][1][g], 1–41 ("[A] state law cause of action for . . . quasi contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter.")).

Here, Davis alleges an implied-in-law contract that is within the subject matter of the Copyright Act but does not include an "extra element." Rather, she merely alleges that the SBA agreed not to violate the Copyright Act. Further, insomuch as her breach of implied contract claim could be construed to apply to the alleged Trade Secrets, and overlap with her alleged copyrighted Materials, such a claim is preempted as well. *See Montz v. Pilgrim Films & Television, Inc*., 649 F.3d 975, 979 (9th Cir. 2011) (en banc) ("[S]tate-law protection for fixed ideas falls within the subject matter of copyright and

thus satisfies the first prong of the statutory preemption test, despite the exclusion of fixed ideas from the scope of actual federal copyright protection."); *see also Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 593–98 (5th Cir. 2015) (affirming a district court's conclusion that the plaintiff's allegations of unauthorized copying of a computer program constituted a copyright claim, rather than a trade secret misappropriation claim).

Further, such a breach of implied contract claim resting on an agreement not to misappropriate a trade secret is also preempted under state law by the CUTSA, and as discussed below a claim under the CUTSA cannot be brought against the SBA. *See JEB Grp., Inc. v. San Jose III*, No. CV1904230CJCAGRX, 2020 WL 2790012, at *3 (C.D. Cal. Mar. 31, 2020) ("district courts have consistently held that 'claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret,' are subject to preemption under CUTSA." (citing *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011); *K.C. Multimedia Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009) ("Thus, a claim 'based on the same nucleus of facts as the misappropriation of trade secrets claim' is preempted by CUTSA.")).[1] Accordingly, Claim IV for breach of implied contract should be dismissed with prejudice.

*Third*, Davis' remaining claims, Claim III, V, and VI, rest on state law and fail to identify any waiver of sovereign immunity that would permit jurisdiction. The underlying state laws, the CUTSA, the California Consumer Legal Remedies Act ("CLRA"), and

---

[1] Additionally, over half of Davis' requested relief for these claims is presumably unavailable. Although Davis has not identified under what law she brings these claims, the Small Business Act explicitly prohibits jurisdiction for any claim seeking "attachment, injunction, garnishment, or other similar process, mesne or final."15 U.S.C.§ 634, Davis "requests that this Court grant injunctive, declaratory and equitable relief as provided by law," ECF 1 ¶ 59 and "seeks punitive or exemplary damages against the Defendants subject thereto in an amount appropriate to punish and make an example of them in addition to the other damages sought herein." *Id.* ¶ 60. Such relief is expressly prohibited by statute.

1   California's Unfair Competition Law ("UCL") as defined by the California Business and
2   Professions Code, cannot serve as bases to create jurisdiction in the Central District of
3   California. *See Keehn v. United States*, No. CV144733PSGPJWX, 2015 WL 12806469,
4   at *4 (C.D. Cal. Jan. 30, 2015) ("State laws adopt the [Uniform Trade Secret Act], to
5   varying degrees, but no *state* law can waive the federal government's sovereign immunity.
6   Thus, Plaintiff cannot sue the Government under the [Uniform Trade Secret Act] (or one
7   of the model's unidentified state enactments)." (internal citations omitted)); *A.C.L.*
8   *Computers & Software, Inc. v. United States*, No. 16-CV-01485-SK, 2017 WL 6060267,
9   at *4 (N.D. Cal. Mar. 13, 2017), *aff'd*, 727 F. App'x 376 (9th Cir. 2018) (dismissing a
10  claim for unfair competition against the United States because "the United States [has not
11  waived] its sovereign immunity to be sued under California's [UCL].").

12      This leaves the Federal Tort Claims Act ("FTCA") as the only possible avenue for
13  state claims that sound in tort. It is "well-settled that a claim for conversion of property or
14  for misappropriation of trade secrets sounds in tort." *Block v. United States*, 66 Fed. Cl.
15  68, 72 (2005). *See also Keehn*, 2015 WL 12806469, at *3 (holding that state law tort claims
16  against the United States may be heard under the FTCA) (collecting cases). While the
17  United Sates has waived immunity, under some circumstances, for state tort claims under
18  the FTCA, the FTCA makes clear that the exclusive remedy for alleged torts lies against
19  the United States and not against an agency. *See* 28 U.S.C. § 2679(a) ("The authority of
20  any federal agency to sue and be sued in its own name shall not be construed to authorize
21  suits against such federal agency on claims which are cognizable under section 1346(b) of
22  this title, and the remedies provided by this title in such cases shall be exclusive.").

23      Accordingly, under the FTCA the SBA is not, and cannot be, the proper party for
24  any of Davis' claims. *See, e.g. Sutton v. U.S. Small Bus. Admin.,* 92 F. App'x 112, 123
25  (6th Cir. 2003) (the Small Business Act "does not establish a waiver of immunity so as to
26  permit entertainment of [a] damages claim" against the agency (citing *Ascot Dinner*
27  *Theatre, Ltd. v. Small Business Admin.,* 887 F.2d 1024, 1028 (10th Cir. 1989)); *see also*

28

*FDIC v. Meyer,* 510 U.S. 471, 476 (1994). Davis has also failed to plead or provide the required evidence that she has complied with the FTCA's various jurisdictional requirements, such as, for example, administrative exhaustion, or if these claims are even cognizable under the act. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Furthermore, to the extent that Davis has accused the SBA of intentionally committing tortious acts based in misrepresentation, ECF 1 ¶¶ 39, 51, 60, 69, 79, such claims are expressly prohibited by the FTCA. *Foster v. Pitney Bowes Corp.*, 549 F. App'x 982, 987 (Fed. Cir. 2013) ("The FTCA explicitly prohibits claims of misrepresentation against the Government.") (citing 28 U.S.C. § 2680(h)). For the forgoing reasons, Claims III, V, and VI should be dismissed with prejudice as the SBA cannot be the proper party and amendment would be futile.

Having failed to properly invoke this Court's jurisdiction and because amendment would be futile, all the claims asserted against the SBA should be dismissed with prejudice.

**B.     Davis has failed to state claims upon which relief may be granted**

Davis fails to allege with particularity each element as required for her Trade Secret claim (Claim III), her breach of implied contract claim (Claim IV), her CLRA claim (Claim V), and her UCL claim (Claim VI). The Ninth Circuit has clarified that

> [a] plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b).

*Kearns*, 567 F.3d at 1127 (citing *Vess*, 317 F.3d at 1103–04). The Ninth Circuit has specifically held that Rule 9(b)'s heightened pleading standards apply to violations of the California's CRLA and UCL when grounded in fraud. *Id.* at 1125. Here, Davis has alleged that Claims III, IV, V, and VI all arise from the Defendants alleged fraud. Davis fails to

10

meet the particularity standard required by Rule 9(b) for these claims. Even if Rule 9(b) were not to apply and Davis only had to plead the allegations that were plausible under Rule 8, her claims still fail and must be dismissed, as all of Davis' claims rest on conclusory statements which are devoid of facts.

1.  Davis has failed to plead a plausible Trade Secret Claim and Breach of Implied Contract Claim.

Davis alleges that her Trade Secrets are valuable and have been stolen by Defendants, but fails to allege specific facts to support her allegations and instead relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. For example, although she pleads the conclusion that Defendants "converted the Materials and Trade Secrets" and that Defendants fraudulently took credit for Plaintiff's Materials and Trade Secrets, ECF 1 ¶ 7, she notably fails to plead any details concerning when the alleged conversion occurred, to whom Defendants made the false claim of ownership of the Materials and Trade Secrets, and when this alleged conversion occurred. She merely repeats the text of the statute. Cal. Civ. Code § 3426.1.[2] Further, her complaint contains conflicting information regarding ownership of the Trade secrets. *Compare* ECF ¶ 1 (claiming "Plaintiff Lethia Davis" is

---

[2] In addition, the plaintiff must describe the subject matter of the trade secret with "sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Bunnell v. Motion Picture Ass'n of Am.*, 567 F.Supp.2d 1148, 1155 (C.D. Cal. 2006) (internal quotation marks omitted) (quoting *Imax Corp. v. Cinema Tech. Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998)). The trade secret must also be described with sufficient particularity "to permit the defendant to ascertain at least the boundaries within which the secret lies." *Id.* (citing *Diodes, Inc. v. Franzen*, 260 Cal. App.2d 244, 253 (1968)). Here, the complaint is devoid of any particularity that would allow Defendants to ascertain what the Trade Secrets at issue are or even the specific subject to which they pertain. The complaint defines them as "accompanying information, patterns, methods, techniques and processes to aid in the marketing, promotion, delivery, exhibition and execution of the Materials." ECF 1 ¶ 37. This vague description is not informative and fails to demonstrate that the Trade Secrets are separate from general knowledge in some unidentified field.

the "sole creator . . . [and] *sole and exclusive* owner" of the Trade secrets) *with id.* at 1 (defining "Plaintiff" as both an individual and her companies, "Plaintiff LETHIA DAVIS, an individual (and doing business as Beautiful Minds Entrepreneurship Program) and as the President of Beautiful Minds Entrepreneurship, Inc (a California Corporation), along with her heirs, successors and common interest holders"). A trade secret misappropriation claim requires a plaintiff to allege and demonstrate ownership of the trade secrets at issue, s*ee CtyoDyn of New Mexico, Inc. v. Amerimmune Pharmaceuticals, Inc.*, 160 Cal. App. 4th 288, 296 (2008), something Davis' complaint fails to do. Accordingly, Davis has not properly plead her Trade Secret claim, and Claim III should be dismissed.

Likewise her claim for breach of contract fails. "[A]n implied-in-fact contract requires an ascertained agreement of the parties." *Unilab Corp. v. Angeles-IPA*, 244 Cal. App. 4th 622, 636 (2016), *as modified* (Feb. 1, 2016). Here, Davis does not allege that there was an ascertained agreement but rather there was merely an implied contract. ECF 1 ¶ 38. Implied-in-law contracts, such as the one alleged here by Davis, are "not created by the parties; they are created by the courts to avoid unjust enrichment." *Westside Estate Agency, Inc. v. Randall*, 6 Cal. App. 5th 317, 329 (2016). Davis has accordingly failed to state a claim for an implied breach of contract in law as alleged here and failed to identify any basis for her requested relief, and, she has failed to allege with particularity the particular misconduct necessary so that the SBA may defend itself. Accordingly, Claim IV should be dismissed.

2.   <u>Davis' Consumer Legal Remedies Act Claim must be dismissed.</u>

CLRA actions may be brought by a "consumer" who suffers any damage as a result of the use or employment of a proscribed method, act or practice. California Civil Code § 1780(a); *Richter v. CC Palo Alto, Inc.*, 176 F.Supp.3d 877, 899 (N.D. Cal. 2016). To state a claim under the CLRA, a plaintiff must show that: (1) a consumer is exposed to an unlawful business practice; and (2) the consumer is damaged by the unlawful practice. *Id.* Consumer is defined at California Civil Code § 1761, for purposes of the CLRA, as "an

1  individual who seeks or acquires, by purchase or lease, any goods or services for personal,

2  family, or household purposes." Davis has failed to allege that there is a consumer who

3  has been harmed or that there is a consumer good at issue here.

4      Davis is not a "consumer" in relation to the Defendants. Her allegations are clear

5  that she was developing a business plan and that these Materials relate to a commercial

6  enterprise from which she expected to receive millions of dollars, so that she could market

7  such a plan to consumers. Further, there are no consumer goods at issue or services for

8  personal, family, or household purposes mentioned in the complaint. In paragraph 5 of the

9  complaint, Davis alleges that she developed the Materials and Trade Secrets "into a

10  comprehensive program and endeavored to create a commercial marketplace from the

11  Program from which Plaintiff could derive goodwill and revenue" in excess of $1,000,000

12  with "substantial year over year growth." ECF 1 ¶ 5. In this same paragraph, she alleges

13  that she "developed, planned, and anticipated numerous other materials, books, seminars

14  and proprietary (copyrightable) works," all of which was part of her "overall business

15  plan." *Id.* No further analysis of the elements of a CLRA claim is required as Davis is not

16  a "consumer" under the CLRA and there is no consumer good at issue. Davis has failed to

17  state a plausible or particular claim under the CLRA. No amount of repleading can remedy

18  this omission, and Claim V should be dismissed with prejudice.

19          3.    Davis's Unfair Competition claim likewise fails

20      To bring a claim for violation of Section 17200, California's UCL, "a plaintiff must

21  show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair,

22  deceptive, untrue or misleading advertising.' " *Lippitt v. Raymond James Fin. Servs.,* 340

23  F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). Thus, to state

24  a claim under Section 17200, a plaintiff must allege that a practice is "unlawful, or unfair,

25  or fraudulent." *Id.* (internal quotation marks omitted) (quoting *Cel–Tech Commc'ns., Inc.*

26  *v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).

27      Here, Davis has not alleged any particular business practice or misleading

28

advertising, let alone how that unidentified practice or advertising is unlawful, unfair or fraudulent. To the extent Davis brings this claim based on fraud, she has failed to satisfy the Rule 9(b) requirement of pleading fraud with particularity. *Kearns*, 567 F.3d at 1124. The complaint is conclusory and fails to plead any details concerning the alleged acts that constitute alleged fraud. Although Davis alleges that she emailed "Defendants" her copyrighted materials, the complaint is devoid of any specifics such as when she emailed the materials, who the recipients of the email were, and how Defendants were apprised of Davis' desire that the materials be used solely for some undefined "Business Purpose." ECF 1 ¶¶ 7–8.

To the extent the allegedly unlawful or unfair or fraudulent business act or practice is the alleged conversion of trade secrets (ECF 1 ¶ 75), this claim is duplicative of her trade secret claim. Trade secret misappropriation alone cannot constitute an unlawful, unfair, or fraudulent business practice under the UCL unless the misappropriation involves wrongful acts extending beyond mere misappropriation. *Wynne Systems, Inc. v. Mobile Storage Grp. Inc.*, 2010 WL 11595726 at *5 (C.D. Cal. May 5, 2010) (dismissing UCL claim without leave to amend as duplicative and pre-empted by trade secret claim and noting that "courts routinely hold that [section] 17200 unfair competition claims are 'superseded' by the Trade Secrets Act."). With no apparent unlawful, unfair, or fraudulent business practice alleged, Claim VI should be dismissed.

For the above reasons, Davis has failed to state a claim under Rule 12(b)(6) for any of her state law claims and accordingly Claims III–VI should be dismissed.

## IV.   CONCLUSION

Davis has failed to properly invoke federal jurisdiction. Further, amending her complaint would be futile as no amendment would, as described above, provide sufficient grounds to vest this Court with jurisdiction over the allegations in the complaint. Additionally, her contract, trade secret, CRLA claim, and UCL claim are factually insufficient and should be dismissed under Rule 12(b)(6). For the above reasons, the SBA

respectfully requests the Court grant its motion to dismiss and dismiss Davis' complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: December 8, 2020                           Respectfully submitted,

                                                  JEFFERY BOSSERT CLARK
                                                  Acting Assistant Attorney General

                                                  GARY L. HAUSKEN
                                                  Director Commercial Litigation
                                                  Branch Civil Division

                                                   /s/ Rachel Hicks
                                                  RACHEL HICKS
                                                  Trial Attorney
                                                  Commercial Litigation Branch
                                                  Civil Division

                                                  NICOLA T. HANNA
                                                  United States Attorney
                                                  DAVID M. HARRIS
                                                  Assistant United States Attorney
                                                  Chief, Civil Division
                                                  JOANNE S. OSINOFF
                                                  Assistant United States Attorney
                                                  Chief, General Civil Section

                                                  /s/ Jasmin Yang
                                                  JASMIN YANG
                                                  Assistant United States Attorney

                                                  Attorneys for United States Small
                                                  Business Administration

15