UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING [36], [37] DEFENDANTS' MOTIONS TO DISMISS.

## I.   Introduction

Lethia Davis ("Plaintiff") filed the instant lawsuit on June 26, 2020.   Plaintiff asserts copyright infringement and related claims against the United States Small Business Administration ("SBA"), Christopher Lorenzana, Al Gohary, Michael Daniel, and the Orange County Inland Empire Small Business Development Center Network (collectively "Defendants").

Before the Court are separate motions to dismiss filed by Lorenzana and the SBA.   For the below reasons, both motions are GRANTED.

## II.   Factual and Procedural Background

Plaintiff alleges that she created "a unique and creative series of informational, instruction, motivational and educational materials, techniques, methods, protocols, approaches and processes, etc. which were designed to assist aspiring and actual entrepreneurs in successfully launching, operating and growing small businesses (the 'Materials')."   Compl. at ¶ 4.   The Materials were purportedly registered with the United States Copyright Office.   *Id.* at ¶ 1.   Plaintiff also alleges that she created "a series of accompanying information, patterns, methods, techniques and processes to aid in the marketing, promotion, delivery, exhibition and execution of the Materials."   *Id.* at ¶ 4.   Plaintiff characterizes the accompanying information as her "Trade Secrets."   *Id.*   Plaintiff alleges that, together, the Materials and Trade Secrets constitute a "comprehensive program" that she anticipated commercializing for

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

revenues in excess of one million dollars. *Id.* at ¶ 5.

Plaintiff asserts that she met with Lorenzana and Gohary in order to discuss a potential contract pursuant to which the SBA would use Plaintiff's Materials and Trade Secrets to conduct workshops and seminars. *Id.* at ¶ 6. Plaintiff further alleges that she emailed the Materials to Defendants solely for the purpose of Defendants' evaluation of the Materials and to facilitate a contract between Plaintiff and the SBA. *Id.* at ¶ 8. However, according to Plaintiff, Defendants used and distributed the Materials and Trade Secrets without Plaintiff's permission. *Id.*

Plaintiff filed the instant lawsuit on June 26, 2020. Dkt. 1. Plaintiff's complaint asserts five causes of action: (1) copyright infringement;[1] (2) violations of California's Uniform Trade Secrets Act ("CUTSA"); (3) breach of implied contract; (4) violations of California's Consumer Legal Remedies Act ("CLRA"); and (5) violations of California's Unfair Competition Law ("UCL"). *Id.* at ¶¶ 10–80.

The SBA filed its motion to dismiss on December 8, 2020. Dkt. 36. Lorenzana filed his motion to dismiss on December 10, 2020. Dkt. 37. Both parties seek dismissal on the basis that (1) this Court lacks subject matter jurisdiction to hear Plaintiff's claims against the SBA and Lorenzana, and (2) Plaintiff's complaint fails to state a claim for relief. *See generally* Dkts. 36, 37.

### III.  Legal Standard

A defendant may move for dismissal on the ground that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof on a Rule 12(b)(1) motion rests with the party asserting jurisdiction, and courts presume the absence of jurisdiction until the pleading party proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").

---

[1] Although Plaintiff's complaint technically asserts two separate copyright infringement claims—one alleging copying, and one alleging substantial similarity—this division is simply two theories of proving the same claim: copyright infringement.

: 
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

    Here, the SBA asserts a facial attack. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [Plaintiff's] complaint. [The Court] assume[s] [Plaintiff's] allegations to be true and draw[s] all reasonable inferences in [her] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

    By contrast, Lorenzana asserts a factual attack.[2] In a factual attack, the defendant disputes the truth of a plaintiff's allegations that are necessary to the Court's jurisdiction. *See Safe Air*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**IV.   Analysis**

    The jurisdictional arguments made by the SBA and Lorenzana are primarily focused on the same issue: sovereign immunity. *See* Dkt. 36 at 4–10; Dkt. 37 at 5–10.

    "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The party asserting a claim against the United States or its agencies—here, Plaintiff—bears the burden of demonstrating an "unequivocal waiver of immunity." *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986). Sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1459 (9th Cir. 1985).

---

[2] Although Lorenzana initially asserted a facial attack, *see generally* Dkt. 37, the Court determined that the merits of Lorenzana's motion turned on a factual issue—namely, whether he is an employee or a contractor of the SBA, *see* Dkt. 61. Accordingly, the Court informed the parties it would treat Lorenzana's motion as a factual attack on the Court's jurisdiction, ordered Lorenzana to file an affidavit regarding the issue of his employment status, and granted Plaintiff an opportunity to respond to Lorenzana's affidavit. *See id.*; *see also Savage*, 343 F.3d at 1039 n.2 (party opposing factual attack on jurisdiction must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction).

                                                                                     :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

As noted above, Plaintiff asserts five claims against Lorenzana and the SBA: (1) copyright infringement based on copying; (2) violations of the CUTSA; (3) breach of implied contract; (4) violations of California's CLRA; and (5) violations of California's UCL. Dkt. 1 at ¶¶ 10–80.

As discussed below, this Court lacks jurisdiction to resolve any of these claims.

**A.  This Court Lacks Jurisdiction to Hear Plaintiff's Copyright Infringement Claim against the SBA.**

Where the United States is accused of copyright infringement, "the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims . . . ." 28 U.S.C. § 1498(b).

That unequivocal language ends the matter. Courts routinely hold that § 1498(b) deprives district courts of jurisdiction to hear copyright infringement claims against the United States, its agencies, and individuals acting on behalf of the United States. *See, e.g.*, *Jeter v. President of the United States*, 670 F. App'x 493 (9th Cir. 2016) ("The district court properly dismissed Jeter's copyright infringement claims for lack of subject matter jurisdiction because Jeter alleged those claims against the United States and individuals acting on behalf of the United States, and the Court of Federal Claims therefore has exclusive jurisdiction over those claims. *See* 28 U.S.C. § 1498(b).").

Plaintiff argues that the SBA's sue and be sued provision creates jurisdiction for this Court. *See* Opp. at 6–8; *see also* 15 U.S.C. § 634(b)(1) ("[T]he [SBA's] Administrator may . . . sue and be sued . . . in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy."). In support of this argument, Plaintiff relies on *Munoz v. Small Business Administration*, 644 F.2d 1361 (9th Cir. 1981).

Plaintiff's argument and her reliance on *Munoz* are unavailing. In *Munoz*, the Ninth Circuit held that the SBA's sue and be sued provision extends district court jurisdiction over contract actions against the SBA for money damages in excess of $10,000, even though the Tucker Act, *see* 28 U.S.C. § 1491, grants jurisdiction to the Court of Federal Claims to hear such actions. 644 F.2d at 1365. In other words, *Munoz* simply held that "jurisdiction under the Tucker Act is not exclusive where other statutes

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

independently confer jurisdiction and waive sovereign immunity." *See In re Liberty Const.*, 9 F.3d 800, 801 (9th Cir. 1993) (citing *Pacificorp v. Federal Energy Regulatory Comm'n*, 795 F.2d 816, 826 (9th Cir. 1986) (Wallace, J., concurring)).

Here, by contrast, the Court of Federal Claims's jurisdiction over copyright infringement actions *is* exclusive. Indeed, unlike the Tucker Act—which lacks any language suggesting the jurisdiction it confers to the Court of Federal Claims is exclusive, *see* 28 U.S.C. § 1491—the relevant statute here expressly gives "exclusive" jurisdiction over copyright infringement actions against the United States to the Court of Federal Claims, *see* 28 U.S.C. § 1498(b).

Accordingly, this Court lacks jurisdiction to hear Plaintiff's copyright infringement claims against the SBA.

> **B.    This Court Lacks Jurisdiction to Hear Plaintiff's Breach of Contract Claim Against the SBA.**

The SBA argues that Plaintiff's breach of contract claim is preempted by 17 U.S.C. § 106—*i.e.*, the Copyright Act—and, accordingly, Plaintiff's exclusive remedy for the alleged breach of contract is a copyright infringement claim filed in the Court of Federal Claims. *See* Mot. at 6–8. The Court agrees.

The Copyright Act gives copyright owners "'exclusive rights' to 'display, perform, reproduce, or distribute copies of a copyrighted work, to authorize others to do those things, and to prepare derivative works based upon the copyrighted work.'" *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (citing 17 U.S.C. § 106). "Section 301 of the [Copyright Act] seeks 'to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works,' so long as the rights fall 'within the scope of the Federal copyright law.'" *Id.* (citing H.R. Rep. No. 94–1476, at 130 (1976)).

In the Ninth Circuit, courts use a two-part test to determine whether a particular claim is preempted by the Copyright Act. First, courts determine whether the subject matter of the claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. *Id.* If it does, the second step is to determine whether the rights asserted under state law are equivalent to the rights

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

contained in 17 U.S.C. § 106.  *Id.*

In support of her breach of contract claim, Plaintiff alleges that she presented her Materials and Trade Secrets to the Defendants, who "agreed that the Materials and the Trade Secrets would not be used by the Defendants in any manner" unless Plaintiff secured a contract with Defendants.  Compl. at ¶ 53.  The Defendants were "explicitly made aware" of the limited purpose for which Plaintiff was providing them with the Materials and Trade Secrets.  *Id.* at ¶ 53.  Plaintiff further alleges that there was "an enforceable agreement between the parties which was breached by the Defendants in their use, exploitation, distribution and exhibition of the Materials and Trade Secrets in violation of the terms of the agreement which was implied by the parties."  *Id.* at ¶ 56.

Plaintiff's breach of contract claim is plainly preempted by the Copyright Act.  First, Plaintiff's Materials and Trade Secrets fall within the subject matter of the Copyright Act.  Plaintiff's Materials are "a unique and creative series of informational, instruction, motivational and educational materials, techniques, methods, protocols, approaches and processes, etc. which were designed to assist aspiring and actual entrepreneurs in successfully launching, operating and growing small businesses (the 'Materials')."  *Id.* at ¶ 4.  Plaintiff's Trade Secrets are "a series of accompanying information, patterns, methods, techniques and processes to aid in the marketing, promotion, delivery, exhibition and execution of the Materials."  *Id.*

Although the precise medium through which the Materials and Trade Secrets are expressed remains unclear, the Complaint alleges that Plaintiff "prepared" and "disclosed" the Materials and Trade Secrets, thereby raising the inference that they constitute "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated."  17 U.S.C. § 102(a); *see also In re World Auxiliary Power Co.*, 303 F.3d 1120, 1131 (9th Cir. 2002) ("[C]opyright is created every time people set pen to paper, or fingers to keyboard, and affix their thoughts in a tangible medium . . . .").  Indeed, Plaintiff alleges that the Materials "and the rendering of ideas and elements therein, constitutes copyrightable expression protected by the federal Copyright Act . . . ."  Compl. at ¶ 11.

Second, Plaintiff's breach of contract claim asserts rights that are equivalent to rights provided under the Copyright Act.  That statute gives copyright holders the "'exclusive rights' to 'display,

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

perform, reproduce, or distribute copies of a copyrighted work.'" *Maloney*, 853 F.3d at 1010 (citing 17 U.S.C. § 106). Here, Plaintiff asserts that Defendants breached an implied contract when they distributed, exhibited, and exploited the Materials and Trade Secrets in violation of an agreement between Plaintiff and Defendants. The alleged conduct by Defendants—*i.e.*, distribution, exhibition, and exploitation—is equivalent to the rights protected by the Copyright Act. *See* 17 U.S.C. § 106. Accordingly, Plaintiff's breach of contract claim satisfies both steps of the preemption analysis.

This is not a novel conclusion. Indeed, courts routinely hold that breach of contract claims similar to Plaintiff's are preempted by the Copyright Act. *See Rumble, Inc. v. Daily Mail & Gen. Tr. PLC*, 2020 WL 2510652, at *4 (C.D. Cal. Feb. 12, 2020) ("When, as here, a contractual term does no more than promise not to infringe on copyrighted works, claims stemming from that term's breach are preempted and the plaintiff's exclusive remedy lies under the Copyright Act."); *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1126 (N.D. Cal. 2001) ("Where a plaintiff's breach of contract claim only asserts that a defendant violated a promise not to use a certain work, that breach of contract claim is preempted."); *Kabehie v. Zoland*, 102 Cal. App. 4th 513, 528 (Cal. Ct. App. 2002) ("The promise not to infringe adds nothing to a breach of contract action for copyright infringement. A breach of contract action based on this type of promise must be preempted in order to prevent parties from circumventing federal copyright law and nullifying the preemption provided for in section 301."); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 457 (6th Cir. 2001) ("If the [contractual] promise amounts only to a promise to refrain from reproducing, performing, distributing or displaying the work, then the contract claim is preempted.").

Plaintiff's attempt to circumvent this conclusion is without merit. Plaintiff argues that her breach of contract claim "addresses the acquisition of the [Materials and Trade Secrets], not [their] exploitation." Opp. at 8. Yet, Plaintiff defeats her own argument in the next sentence. Specifically, Plaintiff asserts that the alleged contract was breached "when the Defendants distributed the materials among themselves." *Id.* As noted above, one of the exclusive rights afforded to copyright holders is the right to distribute the protected work. *See* 17 U.S.C. § 106. If the alleged breach here was Defendants' distribution of the work, that alleged breach falls under the scope of—and is preempted by—the Copyright Act.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

Because Plaintiff's breach of contract claim is preempted by the Copyright Act, her exclusive remedy is a claim for copyright infringement. *See Sony Corp. of America v. Universal City Studios*, 464 U.S. 417, 430 (1984) ("The remedies for infringement are only those prescribed by Congress."). And, as explained above, the Court of Federal Claims has exclusive jurisdiction for copyright infringement claims against the United States. *See supra* at 4–5.

Accordingly, this Court lacks jurisdiction to hear Plaintiff's breach of contract claim against the SBA.

### C. This Court Lacks Jurisdiction to Hear Plaintiff's UCL Claim, CLRA Claim, and California Uniform Trade Secrets Act Claim.

The SBA argues that sovereign immunity bars Plaintiff's claims under the UCL, CLRA, and CUTSA. Mot. at 8–10. The Court agrees.

Plaintiff has not alleged the requisite waiver of immunity for these statutes. As noted above, the party asserting a claim against the United States or its agencies—here, Plaintiff—bears the burden of demonstrating an "unequivocal waiver of immunity." *Cunningham*, 786 F.2d at 1446. Here, none of the UCL, CUTSA, or CLRA waive the federal government's immunity from suit. *See Brown v. Bode Constr.*, 2016 WL 1588382, at *3 (N.D. Cal. Apr. 20, 2016) ("The California UCL does not contain a waiver of the federal government's sovereign immunity . . . ."); *Keehn v. United States*, 2015 WL 12806469, at *4 (C.D. Cal. Jan. 30, 2015) ("State laws adopt the [Uniform Trade Secret Act], to varying degrees, but no state law can waive the federal government's sovereign immunity. Thus, Plaintiff cannot sue the Government under the [Uniform Trade Secret Act] (or one of the model's unidentified state enactments)."); *A.C.L. Computers & Software, Inc. v. United States*, 2017 WL 6060267, at *4 (N.D. Cal. Mar. 13, 2017), *aff'd*, 727 F. App'x 376 (9th Cir. 2018) (dismissing a claim for unfair competition against the United States because "the United States [has not waived] its sovereign immunity to be sued under California's [UCL].").[3]

---

[3] Although the Court could not find case law discussing the absence of a waiver of sovereign immunity in the CLRA, the Court is not aware of such a waiver and, regardless, Plaintiff bears the burden here of identifying such a waiver. *See Cunningham*, 786 F.2d at 1446.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

Accordingly, this Court lacks jurisdiction to hear Plaintiff's claims for violations of the UCL, CLRA, and CUTSA.

### D. The Court Will Grant Plaintiff Leave to Amend Her Complaint and Plead Compliance With the Requirements of the Federal Tort Claims Act.

The only remaining possibility to assert claims for the alleged conduct here is the Federal Tort Claims Act ("FTCA"). However, where a party seeks to sue an agency for a tort, he or she must sue the United States, not the agency. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA], and the remedies provided by [the FTCA] in such cases shall be exclusive."). Moreover, a party suing under the FTCA must first exhaust administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff did not sue the United States. Rather, she sued the SBA—*i.e.*, an agency of the United States that is not subject to suit under the FTCA. *See* 28 U.S.C. § 2679(a). Moreover, Plaintiff failed to allege the requisite exhaustion of administrative remedies. Finally, the Court is not certain whether the Defendants' alleged conduct is actionable under the FTCA. *See* 28 U.S.C. § 2680 (noting that the FTCA does not allow claims for certain categories of conduct).

Nevertheless, the Court will grant Plaintiff leave to amend in order to cure these deficiencies and plead compliance with the requirements of the FTCA.

### E. This Court Lacks Jurisdiction to Hear Plaintiff's Claims Against Lorenzana.

As noted above, *see supra* at 3, Lorenzana asserts a factual attack on this Court's jurisdiction. Lorenzana alleges that he is an employee of the SBA and, accordingly, the SBA's sovereign immunity extends to him. *See* Dkt. 63-1; *see also DaGrossa*, 756 F.2d at 1459 (explaining plaintiff cannot avoid sovereign immunity by naming employees of United States). Plaintiff, by contrast, alleges that Lorenzana was "contracted and/or employed" by the SBA. Compl. at ¶ 2. If Plaintiff's allegation that Lorenzana is a contractor is correct, the SBA's sovereign immunity does not necessarily extend to

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

Lorenzana.

The Court finds that Lorenzana is an employee of the SBA.  Lorenzana filed a declaration in which he states he is employed by the SBA and has worked as a full-time employee for the SBA since September 2007, Dkt. 63-1 at ¶ 2, and Plaintiff's response did not meaningfully contest the substance of Lorenzana's declaration, *see* Dkt. 66; *see also Breeland*, 792 F.2d at 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").

Because Lorenzana is an employee of the SBA, he is entitled to the same sovereign immunity that the SBA is.  *See DaGrossa*, 756 F.2d at 1459.  Accordingly, for the reasons discussed above, *see supra* at 4–9, this Court lacks jurisdiction to hear Plaintiff's claims against Lorenzana.

V.    Conclusion.

For the foregoing reasons, the motions to dismiss filed by Lorenzana and the SBA are GRANTED.  Plaintiff is GRANTED leave to amend her complaint and plead compliance with the requirements of the FTCA.  Plaintiff's amended complaint must be filed on or before February 12, 2021.

IT IS SO ORDERED.

_____ : _____
Initials of Preparer
PMC