UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING [124], [131] DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT.

Before the Court are motions for summary judgment filed by Defendants Al Gohary, Michael Daniel, and the Orange County Inland Empire Small Business Development Center Network (collectively "Defendants"). Dkts. 124, 131. For the below reasons, the motions are GRANTED.

**I.    Factual Background**

Plaintiff alleges that she created the following "Work": a unique and creative series of informational, instructional, motivational and educational materials, techniques, methods, protocols, approaches and processes which were designed to assist aspiring and actual entrepreneurs in successfully launching, operating and growing small businesses.

Plaintiff asserts that she met with Christopher Lorenzana and Gohary in order to discuss a contract in which the SBA would use Plaintiff's Work to conduct workshops and seminars. Plaintiff further alleges that she emailed the Work to Lorenzana solely for the purpose of his evaluation of the Work and to facilitate an agreement between Plaintiff and the SBA.

However, according to Plaintiff, Lorenzana distributed the Work to Gohary without Plaintiff's permission, and then Gohary infringed upon the Work. Gohary allegedly did so during a workshop presentation at the Orange County Inland Empire Small Business Development Center Network, for which Daniel is the director.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

### II. Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although a court must draw all inferences in the non-movant's favor, *id.* at 255, when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment," *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. Summary Judgment is Warranted Because No Reasonable Juror Could Find that Defendants Copied Plaintiffs' Work.

To prevail on a claim for copyright infringement, a plaintiff must establish that the defendant copied protected aspects of the plaintiff's work.[1] *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). In the absence of direct evidence of copying, the plaintiff can prove copying circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying. *Id.*

---

[1] A plaintiff must also establish ownership of a copyright. *Skidmore*, 952 F.3d at 1064. Although the parties dispute the ownership element, the Court need not address it because no reasonable juror could find Defendants copied Plaintiffs' work.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

Of course, the premise of a copyright infringement claim is that there exists a work that can be infringed. More specifically, there must exist an original work of authorship "fixed in any tangible medium of expression" from which the work can be perceived, reproduced, or otherwise communicated. 17 U.S.C. § 102(a); *see also In re World Auxiliary Power Co.*, 303 F.3d 1120, 1131 (9th Cir. 2002) ("[C]opyright is created every time people set pen to paper, or fingers to keyboard, and affix their thoughts in a tangible medium . . . ."). Absent such a work, no juror could determine whether an allegedly infringing work is, in fact, directly or similar to a copyrighted work. This is because there is nothing for the juror to compare the allegedly infringing work to.

That is the case here. On the present record, no reasonable juror could find direct copying or circumstantial copying because no reasonable juror could compare an original work "fixed in any tangible medium of expression" to an allegedly infringing work. 17 U.S.C. § 102(a).

In his interrogatories to Plaintiffs, Gohary asked Plaintiffs to "identify all original works of authorship" and those works' "tangible medium of expression." Roberts Decl., Ex. C at 36. Plaintiffs responded to that interrogatory as follows:

> Plaintiff developed a unique and creative series of informational, instruction, motivational and educational materials, techniques, methods, protocols, approaches and processes, etc. which were designed to assist aspiring and actual entrepreneurs in successfully launching, operating and growing small businesses (the "Materials"). Each and every element of the Materials was a work of authorship created by Plaintiff and owned by Plaintiff.

Roberts Decl., Ex. D. This response is plainly insufficient. It contains no identification of the "tangible medium of expression" containing Plaintiffs' alleged Work. Indeed, as best as the Court can discern, Plaintiffs still have not filed with the Court a document (*e.g.*, a PDF or other file) or a set of documents that constitutes the Work that Plaintiffs emailed to Lorenzana. For example, the interrogatory response contains no reference to a bates numbered document or any document at all. Rather, the interrogatory response is simply the above vague description of Plaintiffs' work.

When Gohary included the above statement in his separate statement of facts, Plaintiffs did not present evidence to the contrary. Rather, Plaintiffs simply asserted, in a conclusory manner, that "The

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

Work was copyrighted and Defendants utilized same and other derivative works in their presentations to the general public. Mr. Gohary quoted directly from Plaintiff's Work and website and utilized substantially similar materials in his presentation." Dkt. 127-4 at 5–6.

    This conclusory response does not contain evidence or facts that create a genuine issue for trial. Specifically, Plaintiffs did not present documents that constitute the "Work." This failure of proof is insufficient for Plaintiffs to meet their burden as the non-moving party. *See Matsushita*, 475 U.S. at 586–87 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.") (cleaned up).[2]

    The Court notes that, even when presented with Defendants' arguments on summary judgment, Plaintiffs *still* failed to produce the Work that Plaintiffs emailed to Lorenzana. Plaintiffs did not file the Work as an exhibit to their declarations. Nor did Plaintiff attach the Work as an exhibit to the motion. Plaintiffs simply argue, in a conclusory manner, that there is a genuine issue for trial.[3]

    Plaintiffs' failure to present any evidence regarding the alleged work is confirmed by the deposition of Plaintiff Lethia Davis. When asked how many slides were contained in the PowerPoint presentation that she allegedly emailed to Lorenzana, Davis testified that she could not recall and

---

[2] Plaintiffs misconstrue the standard on summary judgment. Specifically, Plaintiffs argue that Defendants must affirmatively present evidence that defeats Plaintiffs' claim. Opp. at 5–6. This is incorrect. As a moving party that does not bear the burden of proof at trial, Defendants can meet their burden by showing, through argument, an absence of evidence to support Plaintiffs' case. *See Celotex*, 477 U.S. at 325 (noting that moving party without burden of proof at trial can satisfy summary judgment burden by showing "absence of evidence" to support non-moving party's case). Defendants have done so here. And once Defendants adequately demonstrated the lack of evidence supporting Plaintiffs' case, the burden shifted to *Plaintiffs* to present evidence that creates a genuine issue for trial. *See Matsuhita*, 475 U.S. at 586–87. Here, Plaintiffs have failed to meet their burden.

[3] To the extent Plaintiffs rely on the "Video" identified in the Davis declaration or the website, no reasonable juror could find that those items constitute the requisite original work required for a copyright claim. This is because there is no evidence in the record—direct or circumstantial—suggesting that Defendants had access to the Video or the website. Indeed, Plaintiffs' theory all along has been that Plaintiffs shared the Work with Lorenzana, who then distributed the Work to Gohary, who then used the Work at a workshop hosted by the Orange County Inland Empire Small Business Development Center Network.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | July 27, 2021 |
|---|---|---|---|
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

"would be guessing how many pages" if she answered. Davis Tr. at 196:7-13. When pressed with examples of how many pages (e.g., 100, 10, etc.), Davis responded "I want to say anywhere from 13 to 25." *Id.* at 196:14-18. Ultimately, during the deposition, Plaintiffs could not locate or identify a copy of the works within Plaintiffs' document production, nor could Plaintiff find the Work on her computer when asked. *Id.* at 231:18-235:1, 238:4-22.

At this point in the litigation, one would expect that Davis would not need to be guessing about the contents of her Work that Defendants are accused of infringing. Indeed, one would expect that the Work, fixed in a "tangible medium of expression," would be produced in its entirety so that a juror could compare it with an allegedly infringing work.

Simply put, Plaintiffs have not even come close to meeting their burden as the non-moving party. As best as the Court can discern, there is no document in the present record that constitutes Plaintiffs' copyrighted work. And, absent that document, it is impossible for a reasonable juror to find that Defendants copied Plaintiffs' work.

Finally, the Court notes that the little evidence that Plaintiffs have presented regarding what the Work *might* contain if it *could* be produced (*e.g.*, the Davis declaration and screenshots of Plaintiffs' website) simply demonstrates that the alleged components of Plaintiffs' Work are not protected by copyright law. For example, Plaintiffs' website and the Davis declaration discuss general business concepts such as obtaining credit, reaching target audiences, startup costs, and obtaining licenses and permits.

However, "the facts and ideas [an original work] exposes are free for the taking. The very same facts and ideas may be divorced from the context imposed by the author, and restated or reshuffled by second comers, even if the author was the first to discover the facts or to propose the ideas." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 349 (1991). Accordingly, even assuming *arguendo* that Plaintiffs were the original authors of those concepts—the Court makes no such finding[4]—nothing prohibited Defendants from using them in their work.

---

[4] Indeed, in her deposition, Davis admitted that at least some of the components of her work were freely available before she created them. *See* Davis Tr. at 136:23-137:9 ("So is this information out there available? Of course it is because it's

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-1280-SVW | Date | July 27, 2021 |
| Title | *Lethia Davis v. United States Small Business Administration et al.* | | |

Accordingly, summary judgment is warranted in favor of Defendants.

### IV. A Rule 56(d) Continuance is Not Warranted.

A party requesting Rule 56(d) relief must show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

Here, Plaintiffs have not sufficiently identified the facts that they would elicit with discovery. The critical fact that is missing (*i.e.*, an identification of the "tangible medium of expression" containing Plaintiffs' alleged work) does not require discovery. Presumably, plaintiffs alleging that they authored own a copyright in a work could, with ease, produce a document containing that work. Indeed, in her deposition, Davis claimed that the email to Lorenzana—which contained the PowerPoint presentation that is part of Plaintiffs' original work—was forwarded to her lawyer. If that were true then, presumably, Plaintiffs should easily be able to identify the document that contains their work.

Plaintiffs have been litigating this case for a year. They have had five months to pursue their claims since the Court vacated its prior summary judgment order in favor of Gohary. Notwithstanding that ample amount of time, Plaintiffs cannot identify the "tangible medium of expression" that contains their work. Under these circumstances, the Court declines to grant Rule 56(d) relief.

### V. Conclusion.

For the foregoing reasons, Defendants' motions for summary judgment, Dkts. 124, 131, are GRANTED.

**IT IS SO ORDERED.**

---

common -- and I'm going to say that, common business information. . . . The information is out there. If you're resourceful and you can find it, you can find it. I just know that they took from what I had provided to them.").

Initials of Preparer

PMC