1  KAREN A. FELD, Bar No. 162773
   kfeld@colehuber.com
2  DANIEL S. ROBERTS, Bar No. 205535
   droberts@colehuber.com
3  COLE HUBER LLP
   3401 Centrelake Drive, Suite 670
4  Ontario, California 91761
   Telephone:   (909) 230-4209
5  Facsimile:   (909) 937-2034

6  Attorneys for Defendant Al Gohary

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  LETHIA DAVIS,                      Case No. 5:20-cv-1280 SVW (KKx)

12          Plaintiff,                 Hon. Stephen V. Wilson

13      v.                             **DEFENDANT AL GOHARY'S
                                       NOTICE OF MOTION AND
14  UNITED STATES SMALL                MOTION FOR ATTORNEY'S
    BUSINESS ADMINISTRATION, et        FEES; MEMORANDUM OF
15  al.,                               POINTS AND AUTHORITIES IN
                                       SUPPORT THEREOF**
16          Defendants.
                                       [Filed or lodged concurrently herewith:
17                                     (1)  Declaration of Daniel S. Roberts;
                                       (2) Proposed Order.]
18
                                       Date:    September 13, 2021
19                                     Time:    1:30 p.m.
                                       Crtrm.   10A
20

21

22

23

24

25

26

27

28

00079978.2

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION.................................................................III

MEMORANDUM OF POINTS AND AUTHORITIES............................................1

I.    INTRODUCTION................................................................................1

II.    BACKGROUND..................................................................................1

III.    ANALYSIS..........................................................................................2

    A.    Mr. Gohary Should be Awarded His Attorney's Fees ..............2

        1.    Degree of Success Obtained .........................................3

        2.    Frivolousness and Motivation ......................................3

        3.    Reasonableness of Plaintiff's Legal and Factual Arguments .......5

        4.    Need to Advance Considerations of Compensation and Deterrence.................6

    B.    The Amount of Fees Requested is Reasonable.........................6

        1.    The Hourly Rate is Reasonable ....................................7

        2.    The Number of Hours Billed is Reasonable.................8

IV.    CONCLUSION .................................................................................13

00079978.2

i

# TABLE OF AUTHORITIES

**Page**

## CASES

Blum v. Stenson, 465 U.S. 886 (1984) ........................................................................7

Camacho v. Bridgeport Financial, Inc., 523 F.3d 973 (9th Cir. 2008) ......................9

Counts v. Meriwether, No. 2:14-CV-00396 SVW (CW), 2016 WL 1165888
    (C.D. Cal. Mar. 9, 2016)..........................................................................7, 8

Fantasy, Inc. v. Fogerty, 94 F.3d 553 (9th Cir. 1996)..............................................2, 3

Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) ...........................................................2

Hensley v. Eckerhart, 461 U.S. 424 (1983).................................................................6

Kirtsaeng v. John Wiley & Sons, Inc., ___ U.S. ___, 136 S. Ct. 1979 (2016) .......3, 5

Mattel, Inc. v. MGA Entertainment, Inc., 705 F.3d 1108 (9th Cir. 2013) ..................3

Rosen v. Invaluable, LLC, No. 2:20-CV-06756 SVW (AS), 2020 WL
    7773908 (C.D. Cal. Nov. 9, 2020) ...................................................................8

Shame On You Prods., Inc. v. Banks, 893 F.3d 661 (9th Cir. 2018) .........................3

Tresona Multimedia, LLC v. Burbank High School Vocational Music Ass'n,
    953 F.3d 638 (9th Cir. 2020).............................................................................3

Unicolors Inc. v. Colon Mfg. Inc., No. CV 13-5726 SVW, 2014 WL
    12617381 (C.D. Cal. Mar. 3, 2014) ..................................................................6

Wall Data Inc. v. L.A. Cty. Sheriff's Dep't, 447 F.3d 769 (9th Cir. 2006) .................3

## STATUTES

17 U.S.C. § 505..........................................................................................................2, 6

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 13, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 10A of the United States Courthouse located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Al Gohary will and hereby does move the Court for an award of reasonable attorney's fees pursuant to Section 505 of the Copyright Act (17 U.S.C. § 505) on the ground that he is the prevailing party in this copyright action.[1]  Mr. Gohary seeks an award of attorney's fees in the amount of $81,881.00 plus whatever fees are incurred in preparing a Reply to any Opposition by Plaintiffs to this Motion, to be established in a supplemental Declaration to be filed with that Reply.

This Motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities attached hereto, the Declaration of Daniel S. Roberts filed concurrently herewith, the file and record in this case, and any further argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 2, 2021.

Dated:  August 10, 2021            Respectfully submitted,

                                   COLE HUBER LLP


                                   By:  ____/s/ Daniel S. Roberts____
                                        Karen A. Feld
                                        Daniel S. Roberts
                                        Attorneys for Defendant Al Gohary

---

[1]    Mr. Gohary is filing with the Clerk concurrently with this Motion an Application to Tax Costs for recovery of Rule 54 costs incurred in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Lethia Davis, individually and doing business as Beautiful Minds Entrepreneurship and Beautiful Minds Entrepreneurship, Inc., sued Defendant Gohary for copyright infringement.  Mr. Gohary prevailed in this action via summary judgment.  He now respectfully requests the Court award him his reasonable attorney's fees pursuant to Section 505 of the Copyright Act and the evenhanded standard the Supreme Court has adopted under that section.  Specifically, Mr. Gohary seeks an award of fees incurred through the preparation and filing of this Motion in the amount of $81,881.00, plus whatever additional fees and costs may be incurred in preparing a Reply to Plaintiffs' anticipated Opposition.

### II.   BACKGROUND

Mr. Gohary prevailed in this copyright-infringement case via summary judgment – twice.  This victory required substantial work by his counsel.  In addition to the normal course (at least in a case that ends in summary judgment) of evaluating and responding to the Complaint, conducting discovery, attending mediation, and preparing the summary-judgment motion, this case involved extraordinary additional work in obtaining complete success.  This case included a Rule 60 motion by Plaintiffs to set aside the first summary judgment (which reopened the case against Mr. Gohary), two amended complaints (and a failed, ex parte, request for leave to file a third), a successful partial motion to dismiss by Mr. Gohary (as well as multiple other similar motions by other defendants), multiple requests by Plaintiffs to continue the trial, an improper ex parte discovery motion by Plaintiffs to set aside the admissions arising from the failure to respond timely to Requests for Admission (followed by a regular discovery motion under Local Rule 37), responding to written discovery (including more than double the allowed number of Interrogatories) that Plaintiffs failed to serve prior to the first summary judgment, and a second successful summary-judgment motion.

1    This work resulted in Mr. Gohary incurring substantial attorney's fees. As

2 detailed below, his counsel billed a total of 420.7 hours in successfully defending

3 this case, and an additional 21.9 hours in researching and preparing this Motion for

4 Attorney's Fees (including analyzing and breaking down the time records in this

5 case for the Court's convenience in evaluating the reasonableness of the requested

6 fees). Pursuant to a specially-negotiated discount rate with the agency indemnifying

7 Mr. Gohary in this matter, the hourly rate for that work throughout this case has

8 been $185. For the reasons discussed below, an award of attorney's fees to Mr.

9 Gohary as a prevailing defendant is appropriate under the Copyright Act.

10  **III.    ANALYSIS**

11    Pursuant to Section 505 of the Copyright Code, Defendant Gohary should be

12 awarded his full costs in successfully defending this case, including his reasonable

13 attorney's fees in the amount of $81,881.00 plus any further amount incurred in

14 preparing a Reply to Plaintiff's Opposition to this Motion. Such fees are reasonable

15 and should be granted in full.

16    **A.    Mr. Gohary Should be Awarded His Attorney's Fees**

17    Section 505 of the Copyright Act provides that "the court in its discretion may

18 allow the recovery of full costs by or against any party . . . [and] may also award a

19 reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C.

20 § 505. The Supreme Court has rejected both the "dual" standard for awarding fees,

21 "whereby prevailing plaintiffs generally were awarded attorney's fees as a matter of

22 course, while prevailing defendants had to show that the original lawsuit was

23 frivolous or brought in bad faith" and the "British Rule," whereby the prevailing

24 party automatically received fees. See Fantasy, Inc. v. Fogerty, 94 F.3d 553, 557

25 (9th Cir. 1996) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994)). Instead,

26 the Supreme Court adopted the "evenhanded" approach, whereby prevailing

27 plaintiffs and prevailing defendants are treated alike, but an award of fees is

28 discretionary, not automatic. Id.

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1   In exercising this discretion,

2        A district court may consider (but is not limited to) five

3        factors in making an attorneys' fees determination pursuant

4        to § 505. These factors are (1) the degree of success

5        obtained, (2) frivolousness, (3) motivation, (4)

6        reasonableness of losing party's legal and factual

7        arguments, and (5) the need to advance considerations of

8        compensation and deterrence.

9   Shame On You Prods., Inc. v. Banks, 893 F.3d 661, 666 (9th Cir. 2018) (quoting

10  Wall Data Inc. v. L.A. Cty. Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006)).  In

11  applying these factors, the Court should give substantial, but not dispositive, weight

12  to the fourth (reasonableness of the losing party's arguments).  Id. (citing Kirtsaeng

13  v. John Wiley & Sons, Inc., ___ U.S. ___, 136 S. Ct. 1979, 1989 (2016)).  On the

14  facts of this case, these factors favor an award of attorney's fees to Mr. Gohary as

15  the prevailing defendant.

### 1.   Degree of Success Obtained

17       Mr. Gohary obtained complete and total success on the merits of this case by

18  obtaining summary judgment.  See Order Granting Def.s' Mot.s for Summ. J.

19  (Docket No. 139).  Such complete success weighs in favor of granting him

20  attorney's fees.  See Tresona Multimedia, LLC v. Burbank High School Vocational

21  Music Ass'n, 953 F.3d 638, 653 (9th Cir. 2020).

### 2.   Frivolousness and Motivation

23       Under the "evenhandedness" standard adopted by the Supreme Court, it is not

24  necessary for a prevailing defendant to show that a plaintiff's case was frivolous or

25  brought in bad faith in order to be awarded attorney's fees, but a court can consider

26  such factors along with the others in deciding to award a defendant his fees.  See

27  Fantasy, Inc., 94 F.3d at 558; see also Mattel, Inc. v. MGA Entertainment, Inc., 705

28  F.3d 1108, 1111 (9th Cir. 2013) ("At one point, a copyright defendant had to show

00079978.2                                    3

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1 that the plaintiff's claim was frivolous or made in bad faith in order to be entitled to

2 fees; but no longer.").  Here, while one can only speculate as to Plaintiffs'

3 motivation for bringing this suit, there can be no question as to the frivolousness of

4 the case against Mr. Gohary.  Despite the core requirement in an action for

5 copyright infringement of substantial similarity between a protected original work

6 and an alleged copy – literally the ability of a factfinder to compare the two and

7 determine if the defendant copied protected elements of the original – Plaintiffs

8 were never able (or willing) to show or even describe the original work of

9 authorship at issue.  As the Court correctly pointed out in granting summary

10 judgment, "[o]n the present record, no reasonable juror could find direct copying or

11 circumstantial copying because no reasonable juror could compare an original work

12 'fixed in any tangible medium of expression' to an allegedly infringing work."  See

13 Order Granting Defs.' Mot.s for Summ. J. (Docket No. 139) at 3 (citing 17 U.S.C.

14 § 102(a)).

15        If there was ever any merit to Plaintiffs' allegation that Mr. Gohary copied

16 their protected original work of authorship, one would assume that Plaintiffs would

17 have had such original work handy and produced it at the very outset of the

18 litigation, let alone in opposition to summary judgment.  Not only did Plaintiffs not

19 do so at the outset of the case, however, they failed to do so throughout the

20 litigation, even after the Court set aside the first summary judgment and granted

21 them a second chance to establish a case against Mr. Gohary.  Plaintiffs' case against

22 Mr. Gohary was frivolous from the outset, even assuming, arguendo, it was not just

23 aimed at extracting a quick settlement.[2]  This factor also favors an award of

24 attorney's fees to Mr. Gohary.

25

26        [2]    Prior to the filing of this case, Plaintiffs' counsel sent a letter to
Defendants claiming $3.5 million in damages for infringement of Plaintiffs'

27 intellectual property rights and threatening "[i]f we are unable to resolve this matter
informally, [an] action will be quickly commenced in the U.S. District Court for the

28

### 3. Reasonableness of Plaintiff's Legal and Factual Arguments

Under <u>Kirtsaeng</u>, the Court should give substantial, though not dispositive, weight to whether Plaintiffs' legal and factual arguments in this case were at least reasonable.  <u>See</u> 136 S. Ct. at 1989.  Here Plaintiffs' factual and legal arguments were anything but reasonable.  As the Court found in granting Mr. Gohary's second summary-judgment motion, even after a year-long opportunity to develop factual support for their allegations, Plaintiffs' case factually was based on nothing more than conclusory statements that Ms. Davis's "Materials" were copyrighted and that Defendants used them in presentations to the general public.  <u>See</u> Docket No. 139 at 3-5.

Moreover, Plaintiffs revived this case (via Rule 60 motion) on the factual assertion that once they finally served the "key" defendants in January of this year, they would be able to conduct the discovery necessary to prove their copyright claims.  <u>See</u> Pls.' Mot. for Relief from Order Granting Summ. J. (Docket No. 64) at ECF 9:23-11:2; Order Granting Mot. for Relief from Summ. J. (Docket No. 86) at 1-2.  Yet months later Plaintiffs were still unable to produce any such evidence in support of their case, and the Court again granted summary judgment.

Instead of offering evidentiary support for their claims, Plaintiffs' pegged their entire case on the meritless legal argument that Defendants were required to offer affirmative evidence to disprove the allegations in the Second Amended Complaint in order to obtain summary judgment.  <u>See</u> Pl.s' Opp'n to Al Gohary's Second Mot. for Summ. J. (Docket No. 127) at ECF p. 6:12-9:6; <u>see also</u> Pl.'s Opp'n to Def. Al Gohary's [first] Mot. for Summ. J. (Docket No. 47) at ECF p. 10:4-11:1.  Plaintiffs apparently believed they could ride their unsupported allegations all the way to a

---

Central District of California" before inviting the recipients to "discuss possible resolution of this matter before it commences … ."  <u>See</u> Suppl. Decl. of Michael S. Traylor in Supp. of Pl.s' Opp'n to Mot. for Summ. J. (Docket No. 135-4) at Ex. "Supp. A," ECF p. 6.

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1  trial – a trial at which the factfinder would be presented with no evidence of any

2  copyrighted original work that it could compare against any alleged infringing

3  items.

4       Plaintiffs' factual and legal arguments in this case were objectively

5  unreasonable.  This factor also strongly supports an award of attorney's fees to Mr.

6  Gohary.

7       **4.**     **Need to Advance Considerations of Compensation and**

8              **Deterrence**

9       "Finally, the need to advance considerations of compensation and deterrence

10  should be viewed in light of the purposes of the Copyright Act."  <u>Unicolors Inc. v.</u>

11  <u>Colon Mfg. Inc.</u>, No. CV 13-5726 SVW, 2014 WL 12617381, at *2 (C.D. Cal. Mar.

12  3, 2014) (citing <u>Jackson v. Axton</u>, 25 F.3d 884, 890 (1994)).  "'A successful defense

13  furthers the purposes of the Copyright Act just as much as a successful infringement

14  suit does.'"  <u>Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC</u>, 925 F.3d

15  1140, 1149 (9th Cir. 2019), cert. denied, 140 S. Ct. 1294, (2020) (quoting <u>Inhale,</u>

16  <u>Inc. v. Starbuzz Tobacco, Inc.</u>, 755 F.3d 1038, 1043 (9th Cir. 2014)).  Mr. Gohary's

17  complete defense of Plaintiff's meritless copyright allegations serves the important

18  purpose of deterring future meritless actions.  This final factor also favors an award

19  of attorney's fees to Mr. Gohary.

20       **B.**     **The Amount of Fees Requested is Reasonable**

21       As stated above, the Copyright Act provides that the Court may award a

22  <u>reasonable</u> attorney's fee to the prevailing party in any civil action under that Act.

23  <u>See</u> 17 U.S.C. § 505.

24              The reasonableness of fees is determined by the 'lodestar

25              approach' set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424,

26              433 (1983). Under the lodestar calculation, a reasonable

27              fee is the product of 'the number of hours reasonably

28              expended on the litigation multiplied by a reasonable

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1  hourly rate.' <u>Id.</u> The prevailing party bears the burden of

2  establishing the reasonableness of the attorney's hourly

3  rates and must submit sufficient evidence to justify the

4  hours claimed to have been expended. <u>Blum v. Stenson,</u>

5  465 U.S. 886, 895 n.11 (1984).

6  <u>Counts v. Meriwether</u>, No. 2:14-CV-00396 SVW (CW), 2016 WL 1165888, at *3

7  (C.D. Cal. Mar. 9, 2016).

8  **1.      The Hourly Rate is Reasonable**

9  Mr. Gohary's attorneys in this case billed their time at a blended hourly rate of

10  $185 for all attorneys.  <u>See</u> Decl. of Daniel S. Roberts filed concurrently herewith

11  ("Roberts Decl.") at ¶ 2.  This rate has been specially negotiated between counsel

12  and the California State University Risk Management Authority Auxiliary

13  Organizations Risk Management Alliance, the agency who provided Mr. Gohary's

14  defense in this case pursuant to the terms of his employment during the time

15  relevant to this lawsuit.  <u>Id.</u>  Such rate is significantly lower than the usual rate

16  counsel charges in other matters.  <u>Id.</u>

17  The primary attorney on this case for Mr. Gohary was Dan Roberts.  Mr.

18  Roberts is a partner at Cole Huber LLP, and has been in private practice since 2000

19  (after completing a term as a judicial law clerk to the Hon. Virginia A. Phillips).  <u>Id.</u>

20  at ¶ 3.  He focusses his practice on matters pending in federal court, including

21  federal civil rights and intellectual property matters.  <u>Id.</u>  He is a 1999 graduate of

22  the University of Southern California Law School and was admitted to the

23  California Bar and the Bar of this Court in December 1999.  <u>Id.</u>  He is a member of

24  the Board of Directors of the Inland Empire Chapter of the Federal Bar Association

25  (and is a past president of that Chapter), a member of this Court's ADR panel, and a

26  member of the Central District Local Rules Advisory Committee.  <u>Id.</u>  He

27  previously served as a Lawyer Representative to the Ninth Circuit Judicial

28  Conference and on the Central District Merit Selection Panel.  <u>Id.</u>

1    Karen Feld, Sunny Huynh, and Adrian Verduzco are also attorneys at Cole

2    Huber LLP who contributed to Mr. Gohary's defense in this case. <u>Id.</u> at ¶ 4. Ms.

3    Feld is a partner and has over 28 years' experience in civil litigation in federal and

4    California state courts. <u>Id.</u> at ¶ 5. She is a 1992 graduate of the University of

5    Southern California Law School. <u>Id.</u>  Ms. Huynh is an associate and has been

6    practicing since 2017, when she graduated from the U.C. Davis School of Law. <u>Id.</u>

7    at ¶ 6. Finally, Adrian Verduzco is also an associate, a 2019 graduate of Willamette

8    University College of Law, and has been practicing since January 2020. <u>Id.</u> at ¶ 7.

9    The $185 hourly rate counsel billed in this matter is eminently reasonable,

10   and in fact is substantially below the prevailing market rate in the Central District of

11   California, especially in copyright cases. For example, in <u>Counts v. Meriwether</u>,

12   this Court summarized then-current survey results of partner-level billing rates in

13   intellectual property cases as ranging between $412 and $660 per hour, and

14   approved the "discounted" hourly rates requested there of $701.25 and $552.50 for

15   the two partners on that case, $488.75 and $446.25 for the two associates, and

16   $165.75 for the paralegal on that case. <u>See</u> 2016 WL 1165888 at *3-4. The Court

17   made that reasonableness determination more than five years ago, in March 2016.

18   <u>Id.</u> More recently, the Court found hourly rates of $450 for a partner with over 15

19   years of experience and $250 for an associate with around three years of experience

20   to be reasonable on a default judgment in a copyright case. <u>See</u> <u>Rosen v. Invaluable,</u>

21   <u>LLC</u>, No. 2:20-CV-06756 SVW (AS), 2020 WL 7773908, at *6 (C.D. Cal. Nov. 9,

22   2020). Mr. Gohary respectfully submits that in light of the foregoing, the $185

23   discounted hourly rate charged by his attorneys in this case is reasonable and should

24   be used in the loadstar calculation in this case.

**2.    The Number of Hours Billed is Reasonable**

26   Mr. Gohary's counsel billed a total of 420.7 hours in defense of this action,

27   not including the time necessary to research and prepare this Motion for Attorney's

28   Fees. An additional 21.9 hours were spent in researching and preparing this Motion,

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

00079978.2                                                    8

1  including breaking down the invoices and providing the following summary by the

2  various categories of work involved in defending this action.[3]  See Roberts Decl. at

3  ¶ 8.  Such hours, in 1/10th-hour increments, were recorded contemporaneously with

4  specific descriptions of the work done and billed to the client on a monthly basis.

5  Id. at ¶ 9.  Copies of those monthly bills (redacted to protect attorney-client

6  communications) are attached collectively as Exhibit "A" to the Roberts Declaration

7  filed concurrently herewith.  Id.

8       The number of hours worked on this case is reasonable in light of the number

9  of tasks that had to be accomplished to obtain summary judgment on Mr. Gohary's

10  behalf.  At the outset of the case, it was necessary for counsel to evaluate the

11  allegations in the original Complaint, gather relevant information from Mr. Gohary

12  necessary to respond to Plaintiff's allegations, and to research and prepare an

13  Answer.  Counsel spent 15.7 hours on that phase of the case.  Id. at ¶ 11.

14       After the Answer was filed, it was necessary to prepare for and conduct the

15  required Rule 26(f) conference.  A total of approximately 6.6 hours was spent on

16  that task.  Id. at ¶ 12.

17       After completing the Rule 26(f) conference, it was necessary to prepare Mr.

18  Gohary's Initial Disclosures, and then to prepare written discovery requests

19  (Interrogatories, Requests for Production, and Requests for Admission) to Plaintiffs.

20  Once Plaintiffs finally served Initial Disclosures of their own, Mr. Gohary's counsel

21  also reviewed those materials carefully.  When Plaintiffs failed to respond timely to

22  the Interrogatories and Requests for Production, Mr. Gohary's counsel also had to

23  prepare a meet-and-confer letter under Local Rule 37-1 regarding a potential motion

24  to compel.  Additional work was later done to analyze the sufficiency of Plaintiff's

25

26       [3]     The time spent in establishing the entitlement to and amount of a

27  statutory attorney's fees award is compensable using the same loadstar calculation applicable to fees incurred on other aspects of the case.  See Camacho v. Bridgeport

28  Financial, Inc., 523 F.3d 973, 981-82 (9th Cir. 2008).

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

late-served Interrogatory and Request for Production responses and determine whether a motion to compel would still be worthwhile.  A total of approximately 27.2 hours was incurred on these discovery tasks.  Id. at ¶ 13.

At various (and numerous) times throughout the pendency of this case, Plaintiffs' counsel desired a continuance of the trial date.  On each occasion, Mr. Gohary's counsel considered the request, and where Plaintiff offered a reasonable basis for it, stipulated to a joint request to the Court for such a continuance.  Where Plaintiff's counsel's request was unreasonable or unjustified, Mr. Gohary declined to stipulate and on one occasion was even forced to prepare and file a response to one of Plaintiffs' ex parte requests for a continuance.  Combined, the various work that went into stipulations and ex parte applications to continue the trial date in this case amounted to approximately 6.6 hours of billable time.  Id. at ¶ 14.

In order to meet the Court's deadline for a timely mediation in this case, Mr. Gohary's counsel took the lead in arranging a settlement conference with the Hon. Carla Woehrle (Ret.), which the parties who had by then appeared in the case (Plaintiffs, Mr. Gohary, and the Federal Defendants) conducted on December 7, 2020.  Mr. Gohary's counsel prepared a settlement brief in preparation for that conference and attended the settlement conference (along with, of course, Mr. Gohary himself and the claims adjuster on this matter).  The total attorney time attributable to the mediation in this case amounted to 17.2 hours.  Id. at ¶ 15.

When the mediation failed to resolve the case, counsel then researched and prepared Mr. Gohary's first summary-judgment motion, including reviewing Plaintiff's late discovery responses to determine if they contained any information showing even a triable issue of fact in this case.  Plaintiff opposed the motion, so additional time was necessary in preparing a reply.  A total of approximately 59 hours were incurred in relation to the first summary-judgment motion.  Id. at ¶ 16.

After the Court granted Mr. Gohary's first summary-judgment motion, Plaintiff's counsel sought relief both from that order (under Rule 60) and from

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1   Plaintiff's deemed admissions (under Rule 36(b)).  Mr. Gohary incurred 24.3 hours

2   in attorney time researching and preparing the Opposition to the Rule 60 Motion.

3   Id. at ¶ 17.  On the Motion for Relief from the deemed admissions, Plaintiff's

4   counsel repeatedly failed to follow the proper procedure, requiring Mr. Gohary's

5   counsel first to oppose an ex parte discovery motion by Plaintiff, and then to go

6   through the joint-stipulation process multiple times with Plaintiff's counsel before

7   that motion was finally in a form that minimally complied with the rules and could

8   be jointly submitted.  The various tasks in opposing Plaintiff's Rule 36(b) discovery

9   motion took a combined approximately 39.3 hours of attorney time.  Id.

10          After the Court set aside the first summary-judgment order, it was necessary

11  for Mr. Gohary to respond to Plaintiffs' written discovery requests to him (which

12  Plaintiffs did not serve until after the Court granted the first summary-judgment

13  motion).  Plaintiffs propounded 41 Requests for Admission, 59 Requests for

14  Production, and 59 Interrogatories on Mr. Gohary.  Mr. Gohary and his counsel

15  dutifully worked on preparing and timely serving responses to each set of Plaintiff's

16  discovery requests.  Counsel also spent additional time reviewing the discovery

17  responses by Defendants Michael Daniel and the Orange County Inland Empire

18  Small Business Development Center Network, as well as Plaintiffs' responses to the

19  discovery requests from those Defendants, in order to know the full scope of

20  information produced in this case.  All told, Mr. Gohary incurred approximately

21  28.5 hours responding to Plaintiff's written discovery requests to him and reviewing

22  the discovery between Plaintiffs and the other Defendants in this case.  Id. at ¶ 18.

23          In addition, Plaintiffs amended their Complaint twice in this case, and sought

24  (unsuccessfully) ex parte relief to amend it a third time.  This caused Mr. Gohary to

25  incur additional legal costs in seeking an ex parte extension of time to respond to

26  Plaintiff's Second Amended Complaint (after Plaintiff's counsel refused to stipulate

27  to such an extension), preparing (and prevailing on) a Motion to Dismiss several of

28  the claims in the Second Amended Complaint, and preparing an Answer to the

1   Second Amended Complaint.  It was also necessary to oppose Plaintiffs' <u>ex parte</u>

2   application for leave to file a Third Amended Complaint.  After Mr. Gohary filed his

3   second summary-judgment motion, Plaintiffs proposed yet another amendment to

4   their pleading and requested a stipulation for leave to file it, which Mr. Gohary's

5   counsel then had to analyze and consider.  Such tasks in relation to Plaintiffs'

6   various amended pleadings (actual and attempted or proposed) totaled

7   approximately an additional 35.3 hours of attorney time.  <u>Id.</u> at ¶ 19.

8        There were also three depositions in this case – Plaintiff Lethia Davis (on

9   behalf of herself and her corporation, Beautiful Minds Entrepreneurship, Inc.), Mr.

10   Gohary, and Defendant Michael Daniel.  Preparation for, attending, reviewing, and

11   analyzing these three depositions resulted in a total of 24.4 hours billable time.  <u>Id.</u>

12   at ¶ 20.

13        A total of 54.4 hours were incurred in researching and preparing Mr. Gohary's

14   second summary-judgment motion and the various documents in support thereof,

15   analyzing Plaintiff's Opposition thereto, and researching and preparing Mr. Gohary's

16   Reply.  <u>Id.</u> at ¶ 21.

17        In light of the August 31, 2021 trial date and August 23, 2021 final pretrial

18   conference, it was necessary for Mr. Gohary's counsel to commence the various

19   tasks required for final pre-trial preparation shortly after the briefing on the second

20   summary-judgment motion was complete, and before the Court issued its ruling on

21   that Motion.  This included preparation and filing of a Motion <u>in Limine</u>,

22   preparation of proposed Jury Instructions, research and preparation of the

23   Memorandum of Contentions of Fact and Law, and other tasks required to comply

24   with the requirements under Local Rule 16-2.  Counsel billed a total of 10.0 hours

25   on these various pretrial tasks before that work could be safely halted once the Court

26   served its Order granting the second summary-judgment motion.  <u>Id.</u> at ¶ 22.

27        Throughout this case, substantial time was spent in communications (both

28   telephonic and written) with counsel for Plaintiffs and the other parties in this case,

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

1  including in arranging the Rule 26(f) conference, inquiring on the status of

2  delinquent discovery responses, arranging the mediation, meeting and conferring on

3  the abundance of motion practice in this case, and on various other topics related to

4  this case.  Combined over the course of the year this case has been pending, such

5  communications resulted in approximately 15.3 hours of billable time.  Id. at ¶ 23.

6  Additional time was necessarily spent on client communications, including

7  extensive updates on analysis of the case, for approximately another 40.1 billable

8  hours over the pendency of this case.  Id. at ¶ 24.

9      A few additional billable hours were spent on various miscellaneous tasks,

10  such as attempting to arrange a second mediation (that Plaintiff withdrew her

11  agreement to prior to confirming the date), reviewing various court orders in this

12  case, communications with the Clerk, reviewing various filings by other Defendants

13  to this case, and other miscellaneous case-preparation tasks.  This time accounts for

14  the remaining 16.8 of the total 420.7 hours billed to this case (aside from the time

15  attributable to this Motion for Attorney's Fees).  Id. at ¶ 25.

16      Finally, Mr. Gohary has incurred 21.9 hours on the preparation of this Motion

17  for Attorney's Fees, the documents in support hereof (including the foregoing

18  summary and analysis of the time records for this case and redaction of those

19  records to preserve confidential client communications) and the Application to Tax

20  Costs.  Id. at ¶ 26.

21      In light of the substantial work that has necessarily gone in to securing a

22  complete summary judgment in this case, including the extraordinary amount of

23  law-and-motion work in this case, responding to the substantial discovery

24  propounded by Plaintiff, and the preparation of not one but two successful motions

25  for summary judgment, the total of 442.6 hours incurred in this case is reasonable.

26  **IV.    CONCLUSION**

27      Plaintiffs sued Mr. Gohary for copyright infringement.  Mr. Gohary obtained

28  a complete victory in the case, successfully moving for summary judgment twice.

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761

00079978.2                                    13

1   Although such a finding is not necessary for an award of attorney's fees under the

2   evenhanded standard applicable to attorney's fees under the Copyright Act,

3   Plaintiff's case was frivolous, without even offering the alleged original work of

4   authorship that could be compared to any allegedly-infringing item.  Plaintiffs'

5   arguments in support of this case, both factually and legally, were unreasonable.

6   Mr. Gohary's complete defense of this meritless copyright action furthers the

7   purposes of the Copyright Act in deterring misuses of the law.  Accordingly, Mr.

8   Gohary respectfully requests the Court exercise its discretion to award him his

9   reasonable attorney's fees incurred in this case in the amount of $81,881.00, plus

10   whatever further amount may be necessary in preparing a reply to Plaintiffs'

11   anticipated Opposition to this Motion.

12

13   Dated:  August 10, 2021                    Respectfully submitted,

14                                                          COLE HUBER LLP

15

16                                                          By:        /s/ Daniel S. Roberts

17                                                                  Karen A. Feld
                                                                      Daniel S. Roberts
18                                                                  Attorneys for Defendant Al Gohary

19

20

21

22

23

24

25

26

27

28

COLE HUBER LLP
3401 CENTRELAKE DRIVE, SUITE 670
ONTARIO, CALIFORNIA 91761