UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-1280-SVW | Date | September 23, 2021 |
| Title | *Lethia Davis et al v. United States Small Business Administration et al* | | |

---

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING [143], [147] MOTIONS FOR ATTORNEY FEES AND DENYING [145] MOTION FOR RECONSIDERATION.

Before the Court are three motions: (1) a motion for reconsideration filed by Plaintiff, Dkt. 145; and (2) a motion for attorney fees filed by Defendant Al Gohary, Dkt. 143; and (3) a motion for attorney fees filed by Defendant Orange County Inland Empire Small Business Development Center Network ("OCIE"), Dkt. 147. For the below reasons, the motion for reconsideration is DENIED, and the motions for attorney fees are GRANTED, subject to the further order of this Court as discussed below.

  I.   **Motion for Reconsideration**

The Court denies the motion for two reasons.

**First, counsel's failure to produce the alleged original work to the parties or to file the alleged original work with the Court does not warrant reconsideration under any of Plaintiff's theories.**

That failure does not constitute "excusable" neglect under Rule 60(b)(1) of the Federal Rules of Civil Procedure. The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel*

---

                                                                              :
                                                                        _____   _____
                            Initials of Preparer
                                                                          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Lethia Davis et al v. United States Small Business Administration et al* | | |

*& Casino*, 116 F.3d 379, 381 (9th Cir. 1997).[1]

    Here, considering all of the circumstances, counsel's neglect was not excusable. Counsel was certainly aware, before filing Plaintiff's opposition, that the missing work was an issue, because that issue was expressly raised in Defendant Gohary's motion. *See* Dkt. 124 at 10. Additionally, the content of the work is a basic building block of a copyright infringement action. It is simply not "excusable" to fail to produce to Defendants or file with the Court the work that is the very basis for this action.

    Moreover, the Court is not persuaded that the failure to attach the work was a simple error. This is not a case where counsel simply forgot to attach an exhibit. It is not as if the work was cited throughout the brief, but the Court could not find it. Rather, the work is not cited anywhere in Plaintiff's opposition, and the work was never produced to Defendants. It appears that Plaintiff simply does not have the work in her possession anymore and, in light of the Court's order, has now produced an alleged "original work." But, as discussed below, *see infra* at 3, 5, the new work does not support Plaintiff's case.

    Counsel's failure also does not warrant relief under Rule 60(b)(6). Relief under that rule is only warranted if "circumstances beyond [counsel's] control" prevented counsel from filing the original work. *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Given that counsel has

---

[1] Plaintiff cites to the following factors that the Ninth Circuit has applied in some cases: (1) danger of prejudice to the opposing party; (2) length of the delay and potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). Those four factors apply when courts must "determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones*, 116 F.3d at 381. The instant issue does not involve a filing deadline and, accordingly, the four factors do not apply.

However, even those of the four factors that *could* apply counsel against granting Plaintiff's motion. For example, the prejudice to the defendants is substantial. This is the second time that the Court has granted summary judgment in Gohary's favor. The Court previously granted Plaintiff relief from a summary judgment order entered in Gohary's favor. The basis of that relief was, again, counsel's neglect. Gohary would be prejudiced by granting relief to Plaintiff again and, given Plaintiff's counsel's track record of neglect, the danger of additional prejudice to all defendants is high.

Similarly, the length of delay also counsels against relief. As noted above, counsel for Plaintiff had to have been aware of the missing work before filing Plaintiff's opposition. Yet, counsel failed to attach the alleged original work.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Lethia Davis et al v. United States Small Business Administration et al* | | |

described his own neglect as his own error, it is not possible to conclude that circumstances beyond counsel's control prevented the filing of the original work.

Finally, relief is not warranted under Rule 59(e). For one, as Defendants point out, the section of Plaintiff's brief regarding Rule 59(e) appears to be simply copied and pasted from Plaintiff's previous motion for reconsideration of this Court's first grant of summary judgment. *Compare* Dkt. 145 at 8-10 *with* Dkt. 64 at 11-12. And this cut-and-paste argument relates to an issue that was applicable to the first motion for reconsideration – Plaintiff's inability to obtain discovery from the then-unserved defendant OCIE – but is wholly irrelevant here, as OCIE has been served and has now been defending this action for months.

Further, even if Plaintiff had advanced an argument under Rule 59(e) that had some relevance to the current posture of the case, it would not be availing. "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Here, there is no "newly discovered" evidence; there is only evidence that, in counsel's own words, he "erroneously did not include" in Plaintiff's opposition. Traylor Decl. ¶ 4.

**Second, the alleged "original work" that Plaintiff attaches would not change the outcome.** The work now filed by Plaintiff is a pdf document purporting to be a "Youth Entrepreneurship" training module.[2] In her deposition, Plaintiff asserted that the "document in its entirety" was copied, yet in the very next question, she admitted that she "[didn't] know how" Defendants had used it. *See* Davis Depo. 137. Plaintiff has never identified *how* Defendants supposedly infringed on this work, nor produced any evidence of materials used by the Defendants that copied from this work.

Indeed, the supposedly infringing material on which Plaintiff hangs its case is a slideshow used by Defendant Gohary. *See id.*, Ex. 5. But the "Youth Entrepreneurship" training module is not remotely similar to Gohary's slideshow, and no reasonable juror could find otherwise. *Compare* Davis

---

[2] Plaintiff also claimed that Defendants "stole" other materials, specifically a PowerPoint on starting a small business and an "intake questionnaire." Davis Depo. 48-49. Yet, neither of these works have ever been produced.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Lethia Davis et al v. United States Small Business Administration et al* | | |

Depo. Ex. 5 *with* Dkt. 145-2, Ex. A.

Moreover, Plaintiff detailed several specific elements of her "original work" that she claimed were infringed, yet these specific elements are not in the "Youth Entrepreneurship" training module at all. For example, Plaintiff repeatedly stated that an element of her allegedly original work was the phrase "the 5 C's of Credit." *See* Dkts. 127-1, 135-1. She also claimed that her work used the phrases "skin in the game" and "repay the loan." *See* Dkt. 135-1. None of those three phrases appear in the work Plaintiff has now produced.

Finally, the "Youth Entrepreneurship" training module covers basic concepts (*e.g.*, target markets, target audiences, the importance of branding) that—as the Court previously explained—are not protected. *See* Dkt. 139 at 5.

For those two reasons, the motion for reconsideration is DENIED.

**II.     Motions for Attorney Fees**

The motions for attorney fees are GRANTED.

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

In exercising this discretion, courts consider the following five nonexclusive factors: (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence. *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). Courts should "giv[e] substantial weight to the reasonableness of [the losing party's] litigating position, but also tak[e] into account all other relevant factors." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1985, 1989 (2016).

Here, the Court concludes that the totality of the circumstances—including the factors articulated

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Lethia Davis et al v. United States Small Business Administration et al* | | |

above—warrant an award of attorney fees.

First, the degree of success obtained favors an attorney fee award. Simply put, defendants were entirely successful and were granted summary judgment on all of Plaintiff's claims. Defendants could not have been more successful.

Second, Plaintiff's claim was frivolous from the start. This is a copyright case. The alleged original work should have been produced on day one. It was not. After months of discovery, it still was not produced. And after Plaintiff filed a declaration in opposition to Defendant's summary judgment motion in which she stated "I authored the copyright work which is the subject of the within litigation (the ('Work')," Dkt. 127-1, Plaintiff *still did not produce* the alleged original work. At her deposition, Plaintiff Davis admitted she had no hard copies of the original work, could not locate it on her computer, and could not describe how many pages it comprised. Davis Tr. at 196:7-18, 231:18-235:1, 238:4-22.

It is clear as day at this point that the alleged original work does not exist. This is confirmed by the alleged work that Plaintiff *has* now produced: the "Youth Entrepreneurship" training module, which is not remotely similar to alleged infringing material, Defendant Gohary's slideshow, and does not even contain the specific elements that Plaintiff always claimed were in her "original work," such the phrases "the 5 C's of Credit," "skin in the game," and "repay the loan." *See* Dkts. 127-1, 135-1. *Compare* Davis Depo. Ex. 5 *with* Dkt. 145-2, Ex. A.

Third, although Plaintiff's motive remains unclear, the conduct she has engaged in—and the complete failure to produce the basis of her copyright claim (*i.e.*, the allegedly original work)—can only be described as acting in bad faith.

Fourth, Plaintiff has repeatedly asserted entirely unreasonable legal and factual positions. The severe frivolousness of Plaintiff's claim is strong evidence of a lack of reasonableness here. Yet, there are other specific examples of unreasonable positions as well.

For example, Plaintiff asserted a trade secrets claim on the basis of vague "Trade Secrets" allegedly stolen. But a trade secret must be described with "sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-1280-SVW | Date | September 23, 2021 |
| Title | Lethia Davis et al v. United States Small Business Administration et al | | |

trade," and the description must also "permit the defendant to ascertain at least the boundaries within which the secret lies." *Bunnell v. Motion Picture Ass'n of Am.*, 567 F.Supp.2d 1148, 1155 (C.D. Cal. 2006) (citing *Imax Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998). Plaintiff's trade secret claim wholly failed to do so.

Additionally, Plaintiff sought (and was granted) relief from a prior summary judgment order on the basis that OCIE—a "gatekeeper of most of the relevant discovery in this matter"—had not yet been served. Dkt. 64 at 6–7. Yet, in opposition to the defendants' summary judgment motion, Plaintiff identified no additional valuable discovery obtained from OCIE, *see generally* Dkt. 135 – indeed, it appears that Plaintiff may not have even tried to depose OCIE at all. *See* Dkt. 150-1, Hewitt Decl. ¶ 3.

Plaintiff's opposition to the second summary judgment motion similarly deficient. Rather, her oppositions are riddled with conclusory assertions and include no evidence that creates a genuine issue of material fact. *See generally* Dkts. 127, 135. Simply put, Plaintiff never advanced a reasonable factual or legal argument in support of her copyright claim.

Finally, the need to advance considerations of compensation and deterrence is especially strong in this case. This case should have never been brought. Plaintiff was given ample opportunity to prove her case and failed to do so. Such a meritless copyright case should not be brought in federal court. *Cf. Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997) (noting in trademark context that attorney's fees warranted for "exceptional" cases, including cases where plaintiff's claims are "groundless, unreasonable, vexatious, or pursued in bad faith"). An attorney's fee award here will deter such abuses from other litigants in the future.

Accordingly, all defendants are entitled to attorney fees and non-taxable costs.

However, the Court is also inclined to impose some responsibility for the Defendants fees and costs on Plaintiff's attorney, Michael Traylor.

Under 28 U.S.C. § 1927, a court may sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" by requiring the attorney to "satisfy personally" the costs and attorneys' fees of the other party.

:
_____     _____
Initials of Preparer
PMC

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-1280-SVW | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Lethia Davis et al v. United States Small Business Administration et al* | | |

      This litigation began in June of 2020; it was not until August of 2021 that Plaintiff finally filed the work that was supposedly infringed – a document that, as discussed above, lacks key components allegedly copied and bears little similarity to the purported infringing material. A self-described "intellectual property attorney" such as Mr. Traylor, *see* Dkt. 135-4, Ex. A at 1, should know that in a copyright claim, the allegedly infringed work is essential to the case. It simply strains credulity to argue that it was reasonable to continue to prosecute this action for 14 months without ever producing the "original work" at the heart of this litigation. *See Shame on You Prods., Inc. v. Banks*, 2016 WL 5929245 at *20 (C.D. Cal. Aug. 15, 2016) (sanctioning attorney under § 1927 for repeated failure to disclose the alleged original work in copyright infringement case).

      Accordingly, Mr. Traylor is ORDERED to show cause why he should not also be made liable for Defendants' costs and attorneys' fees to the extent the Court finds appropriate under 29 U.S.C. § 1927. Further, the Court will permit Mr. Traylor to dispute the reasonableness of the fee amounts sought by Defendants, as the Court notes that the briefs in opposition to Defendant's motions did not do so. *See generally* Dkt. 146, 153.

### III. Conclusion

      For the foregoing reasons, Plaintiff's motion for reconsideration [145] is DENIED. Defendants' motions for attorneys' fees [143][147] are GRANTED, however the Court reserves ruling on the reasonableness of the fees until Mr. Traylor responds to the order to show cause, at which point the Court will determine both the amount of fees Defendants may recover and how the liability for those fees shall be apportioned between Plaintiff and Mr. Traylor.

      Mr. Traylor's response to the order to show cause shall be due 14 days from now, up to and including October 7, 2021.

      **IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |